| United States District Court | Southern District of Texas |
|---|---|

United States District Court
Southern District of Texas
**ENTERED**
March 02, 2017
David J. Bradley, Clerk

Vikas WSP Limited, §
　　　　　　　　　　§
　　　Plaintiff, §
　　　　　　　　　　§
versus §　　　Civil Action H-13-3426
　　　　　　　　　　§
Economy Mud Products Company, et al., §
　　　　　　　　　　§
　　　Defendants. §

# Opinion on Intervention

1.　*Introduction.*

An Indian vendor contracted with Indian suppliers to purchase guar for a Texas company. The suppliers seek to intervene in the vendor's lawsuit against the Texas company, claiming they are beneficiaries of a settlement agreement.

2.　*Background.*

This is a recent offshoot to multiple years, parties, lawyers, and claims.

Economy Mud Products Company is a Texas corporation that sells guar products to oilfield-service companies in the United States. For over fifteen years it has purchased guar from Vikas WSP Limited – an Indian company – that buys it from Indian suppliers, including N.M. Food Products, N.M. Agro Food Products Limited, Manoj Trader, Nand Lal Naresh Kumar, N.M. Exports, N.M. Agro Food Products Pvt. Ltd., Nand Lal Mahabir Parshad, and Ruchi Soya Industries Limited.

In 2012, at the request of its customers, Economy submitted orders to Vikas for pure, high viscosity guar. On the parties' agreement, each delivery was to be tested for quality by Vikas, and then shipped to Economy with a certificate of compliance. Economy's own quality checks later revealed that the Vikas-supplied guar was below specifications.

Economy canceled its remaining orders. On November 19, 2013, Vikas sued.

3. *Settlement.*

On December 20, 2014, Vikas and Economy settled the underlying lawsuit.

As a condition to further payments and to preserve Economy's business reputation in India, Vikas had to (a) disclose certain information – name, contract, delivery date, payment date – about each supplier of guar seed purchased for Economy, and (b) insure that all suppliers were paid in full by December 31, 2014. If Vikas did not comply, it would be in breach of the settlement, and Economy's obligation to continue paying would terminate.

On December 30, 2014, Vikas gave Economy the suppliers' information, representing that N.M. Food and Ruchi had been paid for guar delivered to Vikas for Economy's 2012 purchases.

In June 2015, Economy learned that N.M. Food and Ruchi had not been paid as Vikas had represented, much less been paid in full by the end of 2014. Vikas argued that a purported agreement with N.M. Food discharged its duty to pay in full.

4. *Claims.*

On September 16, 2016, the court struck Vikas's pleadings. The remaining issues are Economy's breach of contract claim against Vikas, and N.M. Food's and Ruchi's motion to intervene and to enforce the settlement.

A. *Breach.*

Economy argues that Vikas breached the settlement by (a) failing to insure that all suppliers were paid in full by December 31, 2014; (b) failing to disclose modifications to the suppliers' contracts; and (c) breaching its warranty about payments it had made to suppliers.

The settlement required Vikas to pay all suppliers fully. Vikas argues that its duty was discharged by a purported agreement with N.M. Food. The express terms of the agreement demonstrate Vikas's breach: Economy bargained for all suppliers to be paid in full; nothing about Vikas's accord with N.M. Food constitutes payment in full. Economy gave Vikas money to pay the suppliers. To have that money held by Vikas is in violation of the settlement.

Vikas agreed to disclose by December 26, 2014, information about each supplier, including the supply contracts and any amendments, modifications, and novations. On July 7, 2015, Vikas identified – for the first time – its release agreement with N.M. Food. Vikas's failure to disclose on time that agreement constitutes another breach of the settlement – if, as is highly improbable, it is real.

Vikas warranted that N.M. Food and Ruchi had received payments on April 26, 2013, and May 9, 2013, for guar they had supplied for Economy's 2012 purchases. On June 17, 2015, Economy discovered that no payments, in cash or in kind, had ever been made by Vikas to N.M. Food or Ruchi.

The settlement is clear: one breach excuses performance by the non-breaching party. Three breaches by Vikas are compellingly clear – Economy has no further obligation under the settlement.

B.     *Intervention.*

N.M. Food and Ruchi seek to intervene and to enforce the Vikas-Economy settlement. Economy says that N.M. Food and Ruchi cannot intervene or enforce a breached settlement to which they were not known or identified as beneficiaries. It insists that any claim for nonpayment must be brought against Vikas.

Without Vikas's motion to enforce the settlement, no matter jurisdiction allows N.M. Food and Ruchi to intervene in this case. Their claims are dependent upon the settlement; absent it, they have nothing. Upon Vikas's breach, the settlement and claims derived from it ceased to exist.

Assuming that Vikas had not breached the settlement, N.M. Food and Ruchi would not prevail. That a person might receive an incidental benefit from a contract to which he is not a party does not give him a right to enforce it. To recover, the contract must have been entered into directly and primarily for the non-party's benefit.[1]

---

[1] House v. Houston Waterworks Co., 31 S.W. 179, 180 (Tex. 1895); Restatement (Second) of the Law of Contracts § 315 (1979); 13 Williston on Contracts § 37:19 (4th ed. 1990).

   The settlement between Vikas and Economy was not made with the intention of fulfilling Vikas's obligation to pay money to N.M. Food and Ruchi; they were not known or identified as beneficiaries when it was written. Economy agreed to pay Vikas for guar products. Vikas's desire to then discharge obligations it may have to third parties was not the basis of their agreement. Though the money was to be paid by Economy in order that Vikas have funds to pay suppliers, including N.M. Food and Ruchi, they are at most incidental beneficiaries.[2]

   Vikas may have contracted with N.M. Food and Ruchi, but Economy did not. In its purchase orders to Vikas, Economy never specified a particular guar supplier. It owes no duty to N.M. Food and Ruchi; they are not third-party beneficiaries of the settlement and they cannot resurrect a breached settlement that the direct parties are not willing to perform.[3]

5. *Conclusion.*

   Because of Vikas's breaches, the settlement no longer exists. N.M. Food and Ruchi have nothing upon which to base their claims. Their motion to intervene is denied.

   Signed on March 1, 2017, at Houston, Texas.

                   Lynn N. Hughes
                   United States District Judge

---

[2] Restatement (Second) of the Law of Contracts § 302 (1979).

[3] 3 Farnsworth on Contracts § 10.9 (3d ed. 2004).