UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VIKAS WSP LIMITED, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | |
| | § | No. 4:13-CV-03426 |
| ECONOMY MUD PRODUCTS | § | (JURY DEMANDED) |
| COMPANY, | § | |
| | § | |
| *Defendant*. | § | |

## LETTER OF REQUEST FOR JUDICIAL ASSISTANCE
## UNDER THE HAGUE EVIDENCE CONVENTION

The United States District Court for the Southern District of Texas, Houston Division, presents its compliments to the Indian Ministry of Law and Justice, Department of Legal Affairs, and requests international assistance to be used in the civil proceedings before this Court in the above-captioned matter and without which justice cannot be completely done. In anticipation of trial, the parties are currently collecting evidence regarding the issues raised by their allegations and defenses.

This Court requests the assistance described herein as necessary in the interests of justice under the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence Convention") to which the United States and India are parties. The assistance requested is that the appropriate judicial authority order that testimony be taken regarding the topics described below from Mr. Manoj Gupta, Director of N.M. Agro Food Products Pvt. Ltd. and its affiliates.

The Courts of the United States are authorized to extend similar assistance to the courts of India in like cases. The following request follows the form of the Model Letter of Request for International Judicial Assistance pursuant to the Hague Convention of 18 March 1970 on the

Taking of Evidence Abroad in Civil or Commercial Matters, which can be found at http://www.hcch.net/upload/actform20e.pdf.

1. <u>Sender</u>

   The Honorable Lynn N. Hughes
   United States District Court for the Southern District of Texas
   Houston Division
   515 Rusk Avenue
   Houston, TX 77002

2. <u>Central Authority of the Requested State</u>

   Ministry of Law and Justice
   Department of Legal Affairs
   4th Floor, A-Wing
   ShatriBhavan, New Delhi-110 001

3. <u>Person to whom the executed request is to be returned</u>

   Manoj Gupta
   N.M. Agro Food Products Pvt. Ltd.
   168-New Mandi Yard
   Sri Ganganagar-335001 (Raj.), India

4. <u>Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request</u>

   The undersigned respectfully requests receipt of a response to this Letter of Request as soon as is practicable.

**In conformity with Article 3 of the Convention, the undersigned applicant has the honor to submit the following request:**

5. <u>Requesting and competent judicial authorities</u>

   a. *Requesting judicial authority (Article 3(a))*

   The requesting judicial authority is the Honorable Lynn N. Hughes, United States District Court for the Southern District of Texas, Houston Division, 515 Rusk Avenue, Houston, TX 77002.

    b. *To the competent authority of (Article 3(a))*

The competent judicial authority to whom this request is made is the Ministry of Law and

Justice, Department of Legal Affairs, 4th Floor, A-Wing, ShatriBhavan, New Delhi-110 001.

    c. *Names of the case and any identifying number*

The name of this case is *Vikas WSP Limited v. Economy Mud Products Company*, Case

No. 4:13-CV-03426 (S.D. Tex.).

6. <u>Names and addresses of the parties and their representatives (including representatives in
the requested State) (Article 3(b))</u>

The above entitled civil action was commenced in the United States District Court for the

Southern District of Texas on November 19, 2013. The names and addresses of the parties and

their representatives are as follows:

    a. *Plaintiff and Representatives*

Plaintiff Vikas WSP Limited, with a principal place of business at B/86-87, Udyog Vihar,

Sri Ganganagar 335002, India, 91-98-29-225644, is represented by the following attorneys:

    Geoffrey Bracken
    Scott Ellis
    Gardere Wynne Sewell, LLP
    1000 Louisiana Street, Suite 2000
    Houston, Texas 77002

    b. *Defendants and Representatives*

Defendant Economy Mud Products Company, with a principal place of business at 431 E.

Anderson Road, Houston, Texas 77047, is represented by the following attorneys:

    Peter Blute
    William Wright
    Law Office of Peter M. Blute
    7676 Hillmont Street, Suite 320
    Houston, Texas 77040

Richard P. Hogan, Jr.
Jennifer Bruch Hogan
Hogan & Hogan
909 Fannin Street, Suite 2700
Houston, Texas 77010

c.  *Other parties*

Manoj Gupta and N.M. Agro Food Products Pvt. Ltd., with a principal place of business

at 168 New Mandi Yard, Sri Ganganagar-335001 (Raj.), India, are represented by the following

attorneys:

Allan B. Diamond
Stephen T. Loden
Michael D. Fritz
Frances Ellenbogen
Thomas H. Moss
Diamond McCarthy LLP
909 Fannin, Suite 3700
Houston, Texas 77010

7.  Nature and purpose of the proceedings and summary of the facts

a.  *Nature of the proceedings (divorce, paternity, breach of contract, product liability, etc.) (Article 3(c))*

This is a civil action for breach of contract pending in the United States District Court for

the Southern District of Texas, Houston Division.

b.  *Summary of complaint*

Plaintiffs Vikas WSP Limited ("Vikas") supplied a significant amount of guar to

Economy Mud Products Company ("Economy"). Economy has not paid for all the guar

delivered. Vikas and Economy settled their dispute through a settlement agreement dated

December 20, 2014. The settlement agreement provided that Economy would make payments to

Vikas and Vikas would pay purchase orders from certain of Vikas's suppliers, specifically N.M.

Agro Food Products Pvt. Ltd. and its affiliates[1] (collectively, "N.M."). Vikas paid N.M. per a settlement agreement Vikas entered with N.M. on December 24, 2014.

      c.   *Summary of defenses and counterclaims*

Economy alleges via counterclaim that Vikas fraudulently induced Economy into signing the Vikas/Economy settlement agreement because the Vikas/N.M. settlement agreement is invalid.

With respect to the requested testimony, Vikas asserts that Vikas/N.M. settlement agreement discharged all obligations owed by Vikas to N.M. Vikas further asserts that N.M. and its affiliates have been paid in full.

      d.   *Other necessary information or documents*

Attached as Exhibit A to this letter are:

      1.   The December 20, 2014 Settlement Agreement between Economy and Vikas

      2.   The December 24, 2014 Settlement Agreement between Vikas and N.M.

      3.   Affidavits of Manoj Gupta regarding the December 24, 2014 Settlement Agreement and payments made by Vikas to N.M.

   8.  <u>Evidence to be obtained and its purpose</u>

      a.   *Evidence to be obtained or other judicial act to be performed (Article 3(d))*

Vikas seeks testamentary information from Mr. Manoj Gupta regarding the Settlement Agreement between Vikas and N.M. Agro Food Products Pvt. Ltd and its other business affiliates, and payments made by Vikas to N.M. Agro Food Products Pvt. Ltd and its other business affiliates under the Settlement Agreement or other contracts. Mr. Gupta is the Director of N.M. Agro Food Products Pvt. Ltd. and its other business affiliates. Mr. Gupta possesses

---

[1] N.M. Agro Food Products Pvt. Ltd.'s affiliates include N.M. Food Products, Manoj Trader, Nand Lal Naresh Kumar, N.M. Exports, Nand Lal Mahabir Parshad, and Ruchi Soya Industries Limited.

knowledge concerning the Vikas/N.M. Settlement Agreement and payments made pursuant to the Settlement Agreement or other contracts.

b. *Purpose of the evidence or judicial act sought*

The evidence sought will be critical in determining whether Economy Mud Products Company is entitled to pursue its counterclaims against Plaintiff for Plaintiff's supposed breach of the settlement agreement.

9. <u>Identity and address of any person to be examined (Article 3(e))</u>

a. *Mr. Manoj Gupta*

Mr. Manoj Gupta
Director, N.M. Agro Food Products Pvt. Ltd.
168-New Mandi Yard, Sri Ganganagar-335001 (Raj.), India

10. <u>Questions to be put to the persons to be examined or statement of the subject-matter about which they are to be examined (Article 3(f))</u>

Subject matter of examination:

a. Negotiation and execution of the December 24, 2014 Settlement Agreement between Plaintiff and N.M. Agro Food Products Pvt. Ltd. and its affiliates.
b. Payments, in any form, for guar product made by Plaintiff to N.M. Agro Food Products Pvt. Ltd. and its affiliates.
c. N.M. Agro Food Products Pvt. Ltd. and its affiliates' dealings with Economy Mud Products Company, including any contracts or agreements between N.M. Agro Food Products Pvt. Ltd. and Economy Mud Products Company.

11. <u>Documents or other property to be inspected (Article 3(g))</u>

Consistent with India's reservations to the Hague Evidence Convention, Plaintiff does not seek the pre-trial discovery of documents. The District Court, however, requests that Manoj Gupta, named above, be examined about the attached documents and that he reasonably investigate business records in order to provide complete and accurate testimony. For the reasons set forth above, the District Court believes that the witness will be able to provide evidence for use at trial directly relevant to the main issues between the parties and without which the ends of

justice could not properly be met. The District Court believes that this information is not available from any other source.

12. <u>Any requirement that the evidence be given on oath or affirmation and any special form to be used (Article 3(h))</u>

The undersigned respectfully requests that the persons to be examined testify under oath or affirmation. In the event that the witness cannot be placed under oath, it is requested that he answer questions in a manner provided by local law for taking evidence.

13. <u>Special methods or procedures to be followed (e.g. oral or in writing, verbatim, transcript or summary, cross-examination, etc.) (Articles 3(i) and 9)</u>

The undersigned respectfully requests that the person to be examined be summoned to attend at such time and place as the appropriate judicial authority shall appoint. Further, the undersigned respectfully requests that the examination be performed before a person competent to preside over the examination of witnesses and that counsel for the parties be permitted to participate and ask questions. The undersigned also respectfully requests that the testimony of the persons to be examined be transcribed verbatim in writing and that the examinees sign the statements after they have been recorded. In addition, the undersigned respectfully requests that a videographer be permitted to make a recording of the proceedings.

The undersigned understands that the examinations or depositions sought would normally be conducted in accordance with the laws and procedures of India. Article 9 of the Hague Evidence Convention, however, provides that a request for a special mode of procedure will be followed unless it is incompatible with the laws of India. The undersigned therefore requests that the examinations or depositions be conducted in accordance with the United States Federal Rules of Evidence and Federal Rules of Civil Procedure, which are the applicable Rules of this Court.

Should the appropriate judicial authority decline to apply the United States' rules or

decline to allow the participation of counsel for the parties, the undersigned requests that the appropriate judicial authority question the persons to be examined orally and under oath in accordance with the applicable local rules, and that the results of such examination be transcribed verbatim and the statements signed.

14. <u>Requests for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Article 7)</u>

Pursuant to Article 7 of the Hague Evidence Convention, the undersigned requests that the representatives of the parties be notified of the time and place for the execution of the Request. The identity and addresses of the parties' representatives can be found in No. 6 above.

15. <u>The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by</u>:

Plaintiff Vikas WSP Limited is prepared to reimburse the appropriate judicial authority for all fees and costs incurred in the execution of this request.

Dated: _____

_____
Lynn N. Hughes
United States District Judge

# Exhibit A to Letter of Request for
# Judicial Assistance under the Hague Evidence Convention

1. **December 20, 2014 Settlement Agreement between Economy Mud Products Company and Vikas WSP Limited**

2. **December 24, 2014 Settlement Agreement between Vikas WSP Limited and N.M. Agro Food Products Pvt. Ltd.**

3. **Affidavits of Manoj Gupta regarding the December 24, 2014 Settlement Agreement and payments made by Vikas WSP Limited to N.M. Agro Food Products Pvt. Ltd.**

1.  **December 20, 2014 Settlement Agreement between Economy Mud Products Company and Vikas WSP Limited**



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VIKAS WSP LIMITED | § | |
| Plaintiff, | § | |
| ·vs. | § | CIVIL ACTION NO. 4:13-CV-03426 |
| | § | (JURY DEMANDED) |
| ECONOMY MUD PRODUCTS | § | |
| COMPANY | § | |
| Defendant. | § | |

## FULL AND FINAL RELEASE AND SETTLEMENT AGREEMENT

1. **The Parties**

1) The parties to this Agreement, which are sometimes collectively referred to herein as the "Parties," are the following: Vikas WSP Limited ("Plaintiff," or "Vikas," defined more fully below); and Economy Mud Products Company ("Defendant," or "Economy," defined more fully below).

1. **Definitions**

The following terms are defined as follows for purposes of this Agreement:

1) "Agreement" means this Full and Final Release and Settlement Agreement, including all exhibits hereto.

2) "Vikas" or "Plaintiff" means Vikas WSP Limited; the agents, servants, employees, officers, directors, shareholders, and attorneys of Vikas; all companies or firms affiliated with Vikas, including all parent companies, subsidiaries, divisions, subdivisions, sister companies, affiliates, controlled corporations, partners, and partnerships; all underwriters or insurers of Vikas; the predecessors, successors, or assigns of Vikas; to the extent it may have any claims which could have been raised in the captioned Lawsuit, Vegan Colloids Limited; and all other persons, firms, and

corporations for whose conduct the persons or entities named in this definition of Vikas may be liable.

3) "Economy Mud Products Company" or "Economy" means Economy Mud Products Company, Economy Mud Products Company a/k/a or d/b/a Economy Polymers & Chemicals or "Economy Mud Products Chemicals a/k/a Economy Polymers & Chemicals, Inc."; the agents, servants, employees, officers, directors, shareholders, and attorneys of Economy Mud Products Company; all companies or firms affiliated with Economy Mud Products Company, including but not limited to "Rajasthan Gum" and Rajasthan Gum Private Limited, Jodhpur, and all parent companies, subsidiaries, divisions, subdivisions, sister companies, affiliates, controlled corporations, partners, and partnerships; all underwriters or insurers of Economy Mud Products Company; the predecessors, successors, or assigns of Economy Mud Products Company, and all other persons, firms, and corporations for whose conduct the persons or entities named in this definition of Economy Mud Products Company may be liable.

4) The "Lawsuit" means the captioned lawsuit.

5) "Claims By Or Through Plaintiff" means all existing, past, future, known, and unknown claims, demands and causes of action, pending or threatened, matured or not matured, fixed or contingent, for all past, existing or future damages and remedies, known or unknown:  (1) that arise out of or relate in any way to the relationship by and between Economy and Vikas for the purchase and sale, or any contracts or agreements, written or unwritten, for guar or any other chemicals or products sold, acquired for sale, or delivered or to be delivered to Economy Mud

Products Company by Vikas prior to the date of this Agreement; or (2) that arise out of or relate in any way to the alleged sales of guar gum powder, guar splits, guar seeds, whether through alleged Purchase Orders (including, but not limited to the following:   POs 9411, 9412, 9418, 9466, 9467, 9468, 9473, 9480, 9483, 9498, 9499, and a purported Purchase Order of February 4, 2013), or other memoranda (including emails) of sale by and between Vikas and Economy; or (3) the alleged "Seed Distribution Agreement" as reflected in Plaintiff's Original Complaint in the Lawsuit, including, but not limited to the alleged purchase of any guar seed or "buyback" of guar beans, guar seeds, guar splits, or guar powder from farmers in India, or otherwise, including under alleged "Sale Supply, & Procurement Agreements" of May 12, 2012 from Sellers, Anil Kumar Dulani, Rupesh Goyal, Girish Kansal, Anil Kumar Dulani s/o Sh. Shyam Lal, and Satish Gupta, Satish Gupta S/o Sh.Narshi Dass, or pursuant to any other seed contracts for the purchase of guar in any form; or (4) the alleged "Frankfurt Agreement" or the "August 2012 Agreement" as identified and set forth in Plaintiff's Original Complaint in the Lawsuit, and any claim or cause of action Plaintiff has brought or could have brought in the Lawsuit, or in any court, tribunal or forum, in this or any other jurisdiction, in the United States, the Republic of India, or anywhere else.   Under this definition, "Claims By Or Through Plaintiff" includes but is not limited to all claims, demands, lawsuits, debts, accounts, covenants, warranties, rights, agreements, actions, cross actions, counterclaims, liabilities, obligations, losses, costs, expenses, sanctions, remedies and causes of action of any nature—whether in contract or in tort, express or implied, or based upon breach of contract, fraud, misrepresentation, negligent

misrepresentation, breach of warranty, corporate or other defamation claims, intentional or negligent interference with existing or prospective contractual or business relations, breach of fiduciary or other breach of duty or other standard of care, negligence or gross negligence, or any claim arising under or by virtue of any judicial decision, order, statute or regulation (of any country, state, or other jurisdiction)—for past, present or future injuries, property damage, economic damage, and all other losses and damages of any kind, including BUT NOT LIMITED TO the following: all actual damages; consequential damages; damages to the business or reputation of the Plaintiff; all exemplary and punitive damages; all penalties or sanctions of any kind, including WITHOUT LIMITATION any tax liabilities or penalties and any sanctions ordered, awarded, or requested in the Lawsuit; damage to business reputation; lost profits or good will; business value; consequential damages; damages ensuing from loss of credit; loss of inheritance; loss of consortium; mental anguish; pain and suffering; and prejudgment and postjudgment interest, costs and attorneys' fees, whether in the trial court, pursuant to statute or agreement, or contingent awards after trial.  This definition further includes, but is not limited to, all elements of damages, all remedies, and all claims, demands, and causes of action that are now recognized by law or that may be created or recognized in the future by any manner, including, without limitation, by statute, treaty, regulation or judicial decision (of any jurisdiction), including, without limitation, by virtue of alleged violations of or remedies available under the Texas Business and Commerce Code, the Uniform Commercial Code, any claim for breach of contract (including breach of purchase contracts), breach of the Frankfurt

Agreement, breach of alleged Seed Distribution Contracts, for fraud, breach of warranty, misrepresentation, or "cheating" or forgery.

6) "Claims By Or Through Defendant" means all existing, past, future, known, and unknown claims, demands and causes of action, pending or threatened, matured or not matured, fixed or contingent, for all past, existing or future damages and remedies, known or unknown: (1) that arise out of or relate in any way to the relationship by and between Economy and Vikas for the purchase and sale, or any contracts or agreements, written or unwritten, for guar or any other chemicals or products sold, acquired for sale, or delivered or to be delivered to Economy Mud Products Company by Vikas prior to the date of this Agreement; or (2) that arise out of or relate in any way to the Exclusive Marketing Agreement of May 16, 2000 as identified in Defendant's First Amended Original Counterclaim, or alleged breach thereof, for any claim of breach of warranty, claim for low-quality or sub-specification product sales, non-conformity of product sold, misrepresentation, fraud, sale or alleged sale of adulterated product, breaches of the Texas Business and Commerce Code and/or the Uniform Commercial Code, breach of contract, promissory estoppel, breach of express warranty, breach of the implied warranty of merchantability, common law fraud, misrepresentation, negligent misrepresentation, breach of fiduciary duty, money had and received, as identified and set forth in Defendant's First Amended Original Counterclaim in the Lawsuit, together with any claim or cause of action Defendant has brought or could have brought in the Lawsuit, or in any court, tribunal or forum, in this or any other jurisdiction, in the United States, the Republic of India, or anywhere else. Under this definition,

"Claims By Or Through Defendant" includes but is not limited to all claims, demands, lawsuits, debts, accounts, covenants, warranties, rights, agreements, actions, cross actions, counterclaims, liabilities, obligations, losses, costs, expenses, sanctions, remedies and causes of action of any nature—whether in contract or in tort, express or implied or based upon breach of contract, fraud, misrepresentation, negligent misrepresentation, breach of warranty, corporate or other defamation claims, intentional or negligent interference with existing or prospective contractual or business relations, breach of fiduciary or other breach of duty or other standard of care, negligence or gross negligence, or any claim arising under or by virtue of any judicial decision, order, statute or regulation (of any country, state, or other jurisdiction)—for past, present or future injuries, property damage, economic damage, and all other losses and damages of any kind, including BUT NOT LIMITED TO the following: all actual damages; consequential damages; damages to the business or reputation of the Defendant; all exemplary and punitive damages; all penalties or sanctions of any kind, including WITHOUT LIMITATION any tax liabilities or penalties and any sanctions ordered, awarded, or requested in the Lawsuit; damage to business reputation; lost profits or good will; business value; consequential damages; damages ensuing from loss of credit; loss of inheritance; loss of consortium; mental anguish; pain and suffering; and prejudgment and postjudgment interest, costs and attorneys' fees, whether in the trial court, pursuant to statute or agreement, or contingent awards after trial.  This definition further includes, but is not limited to, all elements of damages, all remedies, and all claims, demands, and causes of action that are now recognized

by law or that may be created or recognized in the future by any manner, including, without limitation, by statute, regulation or judicial decision (of any jurisdiction), including, without limitation, by virtue of alleged violations of or remedies available under the Texas Business and Commerce Code, the Uniform Commercial Code, any claim for breach of contract (including breach of purchase contracts), breach of the Frankfurt Agreement, breach of alleged Seed Distribution Contracts, for fraud, breach of warranty, misrepresentation, or "cheating" or forgery prior to the date of this Agreement.

7) The "Consideration" means the Parties' mutual promises, covenants, representations, and warranties in this Agreement, including, but not limited to the following dependent agreements, performance, covenants, and conditions:

a.      Economy will pay to Vikas, via wire transfer, US$4,500,000.00 initiated on or before November 25, 2014;

b.      Economy will pay to Vikas, via wire transfer, US$20,500,000.00 on or before December 31, 2014;

c.      Economy will pay to Vikas, via wire transfer, installment payments of US$2,500,000.00 per month (on or before the last day of the month) for a total of twenty-two months according to the following payment schedule:

| | | |
|---|---|---|
| January 31, 2015 | February 28, 2015 | March 31, 2015 |
| April 30, 2015 | May 31, 2015 | June 30, 2015 |
| July 31, 2015 | August 31, 2015 | September 30, 2015 |
| October 31, 2015 | November 30, 2015 | December 31, 2015 |
| January 31, 2016 | February 29, 2016 | March 31, 2016 |
| April 30, 2016 | May 31, 2016 | June 30, 2016 |
| July 31, 2016 | August 31, 2016 | September 30, 2016 |

and a final installment payment in the same amount on or before October 31, 2016.

d.     Each of the Parties will sign and agree to enter the Agreed Motion to Dismiss the Lawsuit, in the form of that attached as Exhibit A, at the time of signing of this Agreement, but in no event later than December 5, 2014, and will instruct their respective counsel to prosecute no further in court, all issues between the Parties having been resolved.

e.     Prior to December 31, 2014, Vikas shall insure that all sellers of guar seed ordered or purchased for the account of Economy or for the purposes of fulfilling the purchase orders that are the basis of this Lawsuit are paid in full.  Further, Vikas shall obtain written discharge agreements from the sellers of the seed involved in the Indian seed distribution program of 2012.  Economy acknowledges that Vikas delivered such written discharge agreements and provided them to Economy on November 26, 2014.  Further, Vikas also shall provide documentation on or before December 23, 2014, sufficient to demonstrate that the non-governmental organization contributing to such seed distribution agreement has delivered matching funds to those provided by Vikas and Economy;

f.     Vikas shall fully and completely INDEMNIFY AND HOLD HARMLESS Economy from and against any and all claims arising out of the Indian seed distribution program, including any buyback guarantee agreements with farmers or suppliers;

g.     Vikas shall insure that, prior to December 5, 2014, all pending criminal indictments, informations, claims, actions, subpoenas, bailable warrants and other actions against Economy or any of its agents or representatives (including, but not limited to Lawrence E. Walton, Walter White, Matthew White, Satya Narayan Dhoot,

and Bheru Jain), are dismissed without findings of guilt, liability or any punishment by any court or tribunal;

h.     The Parties will cooperate as necessary to obtain, provide, and exchange documentation demonstrating dismissal of the claims identified in 2.7(g), above, prior to December 5, 2014.

i.     The Parties agree to cooperate in the future promptly to advise the other Party if information is received of any threats to cause physical harm or bodily injury to any person associated with the other Party, or which threaten any damage to property of the other Party.

j.     Each of the Parties agree that they, their agents, employees, representatives and all persons in active concert or participation with them, or at their direction, shall not:

i.     threaten to inflict bodily injury upon any employee, agent, or representative of the other party, or any family member of such person(s);

ii.     inflict bodily injury upon any employee, agent, or representative of the other party, or any family member of such person(s);

iii.     trespass upon real property owned by or used for commercial purposes by the other party;

iv.     threaten to or intentionally cause physical harm or property damage to any property owned by the other party;

v.     threaten to or attempt to impair the travel, lodging, accommodations, or logistics of representatives of the other party;

vi.     threaten to or impair the commercial movement of property, raw materials, and/or sales goods of the other to or from the other party's facilities, warehouses, trucking, rail, shipping, and transportation facilities;

vii.  threaten to or impair the commercial movement of property and/or sales goods of the other to or from the other party's customers, clients, or their agents;

k.      For all suppliers of guar products obtained by Vikas to fulfill Economy's

orders made the basis of the Lawsuit, Vikas shall provide to Economy, no later than

December 26, 2014 the following information:

- The name and address of the creditor/farmer/seller;

- The date of the contract or agreement between Vikas and the
  farmers/creditors/sellers;

- The amount of subject matter of the contract(s);

- The delivery date of the guar under such contract;

- The container number(s) of the guar processed from such contract(s);

- Any amendments/modifications/novations of such contracts;

- All payments made (and dates and amounts of same) against such
  contracts/creditors/farmers/sellers.

l.      The Parties acknowledge and agree that in the event that Economy contends

that Vikas is in default of any provision of 2.7(e) or 2.7(k), Economy must: (1)

promptly provide to Vikas written notice of the alleged default, stating with specificity

the provision on which it contends Vikas has defaulted; (2) provide to Vikas, in the

written notice, specifically the manner by which Economy contends Vikas is in

default; and (3) provide to Vikas 15 days to cure the alleged default, during which

time Economy will continue to perform its obligations under the Agreement.

m.      Payments to be made by Economy herein pursuant to provision 2.7 (a-c),

above, are contingent upon future compliance by Vikas of all terms, conditions,

covenants, and warranties of this Agreement, all of which the Parties hereby agree

shall survive Closing and execution of this Agreement.    Subject only to the

provisions of paragraph 2.7(I), above, breach of this Agreement shall terminate the obligation of the non-breaching party to perform further hereunder, or to make further payments to the breaching party.

n.     At the time of signing of this Settlement Agreement, the Parties will sign two originals of a joint announcement, in the form of that attached as Exhibit B, which may be disclosed and published to stockholders and officers of Vikas and Economy.

o.     Each Party will bear all of their own attorney's fees, expenses, and court costs in this Lawsuit.

p.     The Parties agree that the terms of this Agreement shall remain confidential, and shall not be disclosed to persons other than officers, directors, shareholders, and employees of the respective Parties, and their tax, accounting, risk management, bookkeeping, and legal professionals and personnel.  If a party is served with any judicial process which may require disclosure of the terms of this Agreement, the party so served shall immediately advise the other party, who may seek appropriate relief from the issuing tribunal.

q.     The Parties acknowledge and agree that this Agreement is meant to resolve all disputes between the parties.  To that end, the Parties agree that all purchase orders issued by Economy to Vikas prior to the date of this Settlement Agreement which have not been filled (in whole or in part), are hereby cancelled as if they had never been issued or delivered to the extent they have not been filled.

**1. The Agreement**

1) For the Consideration, Plaintiff, Vikas, does hereby RELEASE, ACQUIT, HOLD HARMLESS and forever DISCHARGE the Defendant, Economy, from all

Claims By Or Through Plaintiff that have accrued or may ever accrue to Plaintiff.

2) For the Consideration, Defendant, Economy, does hereby RELEASE, ACQUIT, HOLD HARMLESS and forever DISCHARGE the Plaintiff, Vikas, from all Claims By Or Through Defendant that have accrued or may ever accrue to Defendant.

3) The Parties agree that the Consideration is accepted in full settlement and compromise of all of their respective claims, the Lawsuit, and any other claim brought or which could have been brought in the Lawsuit, or in any proceeding in any jurisdiction.  The Parties intend paragraphs 3.1 and 3.2 to be as broad and comprehensive as possible so that, other than for the obligations and future performance required under this Settlement Agreement, the Defendant shall never be liable, directly or indirectly, to the Plaintiff, or to any person or entity claiming by, through, under, or on behalf of Plaintiff, for any claims brought or which could have been brought in the Lawsuit, and so that the Plaintiff shall never be liable, directly or indirectly, to the Defendant, or to any person or entity claiming by, through, under, or on behalf of Defendant, for any claims brought or which could have been brought in the Lawsuit.

4) By signing this Release and Settlement Agreement, the Parties acknowledge the adequacy and sufficiency of the Consideration. The exchange of Consideration is not an admission of liability and may not be so construed.  The Parties each vigorously deny any liability to the other party and the Parties acknowledge the highly-disputed nature of the Lawsuit. The Parties acknowledge that this Release and Settlement Agreement is made as a compromise to avoid

further expense and to terminate for all time all claims asserted by the Parties in the Lawsuit.

     5) The Release and Settlement Agreement and the settlement evidenced hereby shall not be used against either party as evidence of liability in any claim, demand, action, suit, or proceeding of whatsoever nature or character, other than for any obligation or future performance required in this Agreement.

     6) Counsel for the Parties will execute the Motion to Dismiss and will file it and a proposed Order of Dismissal With Prejudice.  If the Motion to Dismiss is not approved and the proposed Order, or a substantially similar Order providing for the same relief, is not signed by the Court, and the Lawsuit finally dismissed with prejudice by the Court within fourteen (14) days of filing, then the parties agree to instruct counsel to take no action to pursue or to prove any claim in the Lawsuit, to call any witnesses at trial or hearing, or to offer any evidence in this case in court.

     7) VIKAS AGREES TO INDEMNIFY AND TO DEFEND AND TO HOLD THE DEFENDANT HARMLESS FROM CLAIMS BY OR THROUGH PLAINTIFF, AND FROM ANY BREACH BY PLAINTIFF OF WARRANTY OR BREACH OF THE TERMS OF THIS AGREEMENT, TOGETHER WITH ALL COSTS, TRAVEL AND LODGING EXPENSES, ALL OTHER EXPENSES RELATED TO THE INVESTIGATION AND DEFENSE OF SUCH CLAIMS, AND ALL LEGAL FEES IN DEFENDING SUCH CLAIMS. THIS INDEMNITY IS SPECIFICALLY INTENDED TO OPERATE AND BE APPLICABLE EVEN IF IT IS ALLEGED OR PROVED THAT ALL OR SOME OF THE DAMAGES BEING SOUGHT WERE CAUSED AS A WHOLE OR IN PART BY ANY ACT, OMISSION, NEGLIGENCE, SOLE

NEGLIGENCE, GROSS NEGLIGENCE, BREACH OF CONTRACT, INTENTIONAL CONDUCT, VIOLATION OF STATUTE OR COMMON LAW, BREACH OF WARRANTY, PRODUCT DEFECT, STRICT LIABILITY OR, ANY OTHER CONDUCT WHATSOEVER OF THE DEFENDANT.

8) ECONOMY AGREES TO INDEMNIFY AND TO DEFEND AND TO HOLD THE PLAINTIFF HARMLESS FROM CLAIMS BY OR THROUGH DEFENDANT, AND FROM ANY BREACH BY DEFENDANT OF WARRANTY OR BREACH OF THE TERMS OF THIS AGREEMENT, TOGETHER WITH ALL COSTS, TRAVEL AND LODGING EXPENSES, ALL OTHER EXPENSES RELATED TO THE INVESTIGATION AND DEFENSE OF SUCH CLAIMS, AND ALL LEGAL FEES IN DEFENDING SUCH CLAIMS. THIS INDEMNITY IS SPECIFICALLY INTENDED TO OPERATE AND BE APPLICABLE EVEN IF IT IS ALLEGED OR PROVED THAT ALL OR SOME OF THE DAMAGES BEING SOUGHT WERE CAUSED AS A WHOLE OR IN PART BY ANY ACT, OMISSION, NEGLIGENCE, SOLE NEGLIGENCE, GROSS NEGLIGENCE, BREACH OF CONTRACT, INTENTIONAL CONDUCT, VIOLATION OF STATUTE OR COMMON LAW, BREACH OF WARRANTY, PRODUCT DEFECT, STRICT LIABILITY OR, ANY OTHER CONDUCT WHATSOEVER OF THE PLAINTIFF.

1. **Representations and Warranties**

1) For the Consideration, Plaintiff represents and warrants the following:

2) Plaintiff is correctly described in this Agreement;

3) Before executing this Agreement, Plaintiff became fully informed of the terms, contents, conditions, and effects of this Agreement;

4) The signatory to this Agreement is legally competent to

execute this Agreement on behalf of the Plaintiff, and within five (5) business days will prepare and execute all documents authorizing the execution of this Agreement on behalf of the corporate principal, and same shall be delivered to the other Party, with copies of same to be attached to this Agreement as Exhibit C;

5)      This Agreement is fully and forever binding on Plaintiff;

6)      No promise, representation, covenant, warranty, or representation of any kind has been made to Plaintiff or to anyone acting for Plaintiff, except as is expressly stated in this Agreement;

7)      Plaintiff has not assigned, pledged, or in any other manner sold or transferred any right, title, interest, or claim that arises out of the Agreement, the Claims, or the Lawsuit;

8)      In entering this Agreement, Plaintiff has had the benefit of lawyers of its own choosing; and Plaintiff enters this Agreement freely, by its own choice and judgment, and without duress or other influence;

9)      Plaintiff understands that this Agreement is a full, final, and complete release of the Defendant, and that the Consideration is the only benefit Plaintiff shall ever receive from the Defendant as a result of the claims, or the Lawsuit; and

10)     Vegan Colloids Limited is owed no money by Economy, and is the owner of no claim which could have been brought against Economy, either in the Lawsuit, or in any other proceeding;

11)     Plaintiff recognizes that the recitations contained in this Agreement are contractual and are not a mere recital.

12) For the Consideration, the Defendant represents and warrants the following:

13)     The Defendant is correctly described in this Agreement;

14)     Before executing this Agreement, the Defendant became fully informed of the terms, contents, conditions, and effects of this Agreement;

15)      The signatory to this Agreement is legally competent to execute this Agreement on behalf of the Defendant, and within five (5) business days will prepare and execute all documents authorizing the execution of this Agreement on behalf of the corporate principal, and deliver same to the other Party, with copies of same to be attached to this Agreement as Exhibit D;

16)      This Agreement is fully and forever binding on the Defendant;

17)      No promise or representation of any kind has been made to the Defendant or to anyone acting for the Defendant, except as is expressly stated in this Agreement;

18)      In entering this Agreement, the Defendant has had the benefit of lawyers of its own choosing; and the Defendant enters this Agreement freely, by the Defendant's own choice and judgment, and without duress or other influence;

19)      The Defendant recognizes that the recitations contained in this Agreement are contractual and are not a mere recital.

## 1. Entire Agreement

1) The Parties each acknowledge that this Agreement constitutes the entire agreement between them. This Agreement is the result of negotiations between the Parties, each of whom was represented by counsel, and shall not be construed against the drafters in any fashion. This Release and Settlement Agreement sets forth all understandings between the Parties, and any prior agreements, contracts, understandings, or representations of any kind, whether oral or written, relating to the subject matter of this Agreement are merged into and superseded by this Agreement. This Agreement may be amended only by a writing executed by all of the Parties.

## 1.     Controlling Law and Venue

The laws of the State of Texas, United States of America, shall govern the construction and interpretation of this Agreement, and any dispute arising out of this Agreement shall be resolved only in Houston, Harris County, Texas.

EXECUTED in multiple originals, each of equal dignity, on the dates as noted below and effective as of November 20, 2014. The individual signing this Agreement warrants and represents that he has the authority to execute this Agreement by and for the Party for whom he signs.

VIKAS WSP LIMITED

By:_____

B.D. Agarwal
Managing Director

Date: December 5, 2014

§
§
§

BEFORE ME on this day personally appeared B.D. AGARWAL, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he is a duly authorized representative of VIKAS WSP LIMITED and has executed the same on behalf of VIKAS WSP LIMITED for the purposes and consideration therein expressed.

Given under my hand and seal of office this 5th day of December, 2014.

Notary Public

**ATTESTED**

S. M. Bansal

**Surendra Mohan Bansal**
**Advocate & Notary**    5-12-14
**SRI GANGANAGAR (Raj.)**



ECONOMY MUD PRODUCTS COMPANY

By: _____

Walter White
Vice President

Date: _____, 2014

THE STATE OF TEXAS     §
                                §
COUNTY OF HARRIS     §

    BEFORE ME on this day personally appeared Walter White, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he is a duly authorized representative of ECONOMY MUD PRODUCTS COMPANY and has executed the same on behalf of ECONOMY MUD PRODUCTS COMPANY for the purposes and consideration therein expressed.

    Given under my hand and seal of office this _____ day of December, 2014.

_____
Notary Public in and for
The State of Texas

CONNIE RENEE LACOMBE
My Commission Expires
October 2, 2016

1718.00001/553101.v3

18

# Exhibit A

*Seen. See ... B. D. Agrawal*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| VIKAS WSP LIMITED | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:13-CV-03426 |
| | § | |
| ECONOMY MUD PRODUCTS | § | |
| COMPANY, | § | |
| | § | |
| *Defendant.* | § | |

## <u>ORDER OF DISMISSAL WITH PREJUDICE</u>

Pending before the Court is the Agreed Motion to Dismiss filed by Plaintiff Vikas WSP Limited and Defendant Economy Mud Products Company a/k/a Economy Polymers & Chemicals, Inc. (together, the "Parties"). Having considered the motion, submissions, and applicable law, the Court determines the motion should be granted. Accordingly, the Court hereby

ORDERS that the Agreed Motion to Dismiss filed by the Parties is GRANTED. The Court further

ORDERS that all claims and all causes of action asserted by Plaintiff, VIKAS WSP LIMITED and Defendant, ECONOMY MUD PRODUCTS COMPANY A/K/A ECONOMY POLYMERS & CHEMICALS, INC. against each other (whether claims or counterclaims) are hereby DISMISSED WITH

PREJUDICE, with costs of court taxed against the party incurring them.  All relief

not expressly granted is denied.

Signed at Houston, Texas, on this ___ day of _____, 2014.

_____
LYNN N. HUGHES
UNITED STATES DISTRICT JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| VIKAS WSP LIMITED | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:13-CV-03426 |
| | § | |
| ECONOMY MUD PRODUCTS | § | |
| COMPANY, | § | |
| | § | |
| *Defendant.* | § | |

### AGREED MOTION TO DISMISS

Plaintiff Vikas WSP Limited ("Plaintiff") and Defendant Economy Mud Products Company a/k/a Economy Polymers & Chemicals, Inc., ("Defendant") (together, "the Parties") file this Agreed Motion to Dismiss and in support thereof would show the Court as follows:

The Parties have entered into a settlement agreement by which they have fully and completely compromised the claims made the basis of this litigation. Pursuant to the terms of that agreement, the Parties hereby move the Court to dismiss with prejudice all claims and causes of action asserted in this lawsuit.

WHEREFORE, the Parties respectfully request that the Court enter the Order attached hereto acknowledging the dismissal of this action, with each party to bear its own fees and costs of court.

Respectfully submitted,
BECK REDDEN, LLP

By:_____
Murray J. Fogler
State Bar No. 07207300
Bryon A. Rice
State Bar No. 24065970
S.D. Tex No. 1118643
1221 McKinney, Suite 4500
Houston, Texas 77010
713.951-6256–telephone
713.951-3720facsimile
**COUNSEL FOR PLAINTIFF**

_____
Peter M. Blute
State Bar No. 02521600
Southern District Bar No. 5540
William D. Wright
State Bar No. 24082080
Southern District Bar No. 2218158
7676 Hillmont, Suite 320
Houston, Texas  77040
(713)460-5500
(713) 460-2265 [fax]

**COUNSEL FOR DEFEDANT**

D397436

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| VIKAS WSP LIMITED | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:13-CV-03426 |
| | § | |
| ECONOMY MUD PRODUCTS | § | |
| COMPANY, | § | |
| | § | |
| *Defendant.* | § | |

## AGREED MOTION TO DISMISS

Plaintiff Vikas WSP Limited ("Plaintiff") and Defendant Economy Mud

Products Company a/k/a Economy Polymers & Chemicals, Inc., ("Defendant")

(together, "the Parties") file this Agreed Motion to Dismiss and in support thereof

would show the Court as follows:

The Parties have entered into a settlement agreement by which they have

fully and completely compromised the claims made the basis of this litigation.

Pursuant to the terms of that agreement, the Parties hereby move the Court to

dismiss with prejudice all claims and causes of action asserted in this lawsuit.

WHEREFORE, the Parties respectfully request that the Court enter the

Order attached hereto acknowledging the dismissal of this action, with each party

to bear its own fees and costs of court.

Respectfully submitted,
BECK REDDEN, LLP

By: _____
Murray J. Fogler
State Bar No. 07207300
Bryon A. Rice
State Bar No. 24065970
S.D. Tex No. 1118643
1221 McKinney, Suite 4500
Houston, Texas 77010
713.951-6256–telephone
713.951-3720–facsimile
**COUNSEL FOR PLAINTIFF**

_____
Peter M. Blute
State Bar No. 02521600
Southern District Bar No. 5540
William D. Wright
State Bar No. 24082080
Southern District Bar No. 2218158
7676 Hillmont, Suite 320
Houston, Texas  77040
(713)460-5500
(713) 460-2265 [fax]
**COUNSEL FOR DEFEDANT**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| VIKAS WSP LIMITED | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:13-CV-03426 |
| | § | |
| ECONOMY MUD PRODUCTS | § | |
| COMPANY, | § | |
| | § | |
| *Defendant.* | § | |

## ORDER OF DISMISSAL WITH PREJUDICE

Pending before the Court is the Agreed Motion to Dismiss filed by Plaintiff Vikas WSP Limited and Defendant Economy Mud Products Company a/k/a Economy Polymers & Chemicals, Inc. (together, the "Parties"). Having considered the motion, submissions, and applicable law, the Court determines the motion should be granted. Accordingly, the Court hereby

ORDERS that the Agreed Motion to Dismiss filed by the Parties is GRANTED. The Court further

ORDERS that all claims and all causes of action asserted by Plaintiff, VIKAS WSP LIMITED and Defendant, ECONOMY MUD PRODUCTS COMPANY A/K/A ECONOMY POLYMERS & CHEMICALS, INC. against each other (whether claims or counterclaims) are hereby DISMISSED WITH

1718.00001/553106.v1

1

PREJUDICE, with costs of court taxed against the party incurring them.  All relief

not expressly granted is denied.

     Signed at Houston, Texas, on this ___ day of _____, 2014.


                                 _____

                                 LYNN N. HUGHES
                        UNITED STATES DISTRICT JUDGE

| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

| | | |
|---|---|---|
| Vikas WSP Limited, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-13-3426 |
| | § | |
| Economy Mud Products Company, | § | |
| | § | |
| Defendant. | § | |

## Final Dismissal

1.   Having been advised that a settlement has been reached, this case is dismissed with prejudice.

2.   This court retains jurisdiction to enforce the settlement.

Signed on December 5, 2014, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge

# Exhibit B

## JOINT ANNOUNCEMENT OF VIKAS WSP LTD.
## AND ECONOMY MUD PRODUCTS COMPANY

### November 20, 2014

RE:   C.A. No. 4:13-CV-03426; Vikas WSP Limited v. Economy Mud Products Company, pending in the United States District Court for the Southern District of Texas.

Heretofore, the parties above have been engaged in civil litigation to resolve certain factual and legal disputes by and between them.

We are pleased to announce that on November 20, 2014, the parties fully and finally resolved all issues and disputes by and between them.

VIKAS WSP LIMITED

By:_____

B.D. Agarwal
Managing Director

ECONOMY MUD PRODUCTS
COMPANY

By:_____

Walter White
Vice-President

## JOINT ANNOUNCEMENT OF VIKAS WSP LTD.
## AND ECONOMY MUD PRODUCTS COMPANY

### November 20, 2014

RE:   C.A. No. 4:13-CV-03426; Vikas WSP Limited v. Economy Mud Products Company, pending in the United States District Court for the Southern District of Texas.

Heretofore, the parties above have been engaged in civil litigation to resolve certain factual and legal disputes by and between them.

We are pleased to announce that on November 20, 2014, the parties fully and finally resolved all issues and disputes by and between them.

VIKAS WSP LIMITED

By:_____
          B.D. Agarwal
          Managing Director

ECONOMY MUD PRODUCTS COMPANY

By:_____
          Walter White
          Vice-President

Exhibit C

**VIKAS WSP LIMITED**
B-88/87, Udyog Vihar, RIICO, Industrial Area
Sriganganagar - 335 002 / INDIA
CIN : L24139HR1988PLC030300
E-mail : vikaswspgan@yahoo.com ,  website : www.vikaswspltd.in
Telephone :91(154)2494512/2494582 Fax : 91(154)2494361/2475376





## RESOLUTION OF DIRECTORS OF VIKAS WSP LIMITED

At a special meeting of the Directors of Vikas WSP Ltd. ("Company"), on this date and pursuant to the agreement of all Directors and waiver of formal notice, the following resolution was made and passed as the action of the Company:

WHEREAS the Company has been engaged in litigation against Economy Mud Products Company, in the United States District Court for the Southern District of Texas, styled *Vikas WSP Limited v. Economy Mud Products Company*, 4:13-CV-03426, and after much negotiation, has resolved all issues raised or which could have been raised by the parties in that lawsuit, and have reached a settlement agreement, which fully and finally disposes of the dispute; and

WHEREAS, as part of those settlement negotiations, the parties, through counsel, have negotiated a written Full and Final Release and Settlement Agreement ("Settlement Agreement"); it is therefore

RESOLVED that Vikas WSP, Ltd., shall fully and finally settle the lawsuit on the terms set forth in the Settlement Agreement, and Mr. B.D. Agarwal, Managing Director, is authorized to execute the Settlement Agreement, and all other instruments, documents, agreements, or other memoranda on behalf of Vikas WSP Ltd.

Dated:  December 5, 2014

CERTIFIED TO BE TRUE COPY
For VIKAS WSP LIMITED

(Ravinder K Gupta)
Company secretary

# Exhibit D

## RESOLUTION FROM SPECIAL MEETING OF DIRECTORS OF
## ECONOMY MUD PRODUCTS COMPANY, A CORPORATION

### December 4, 2014

At a Special meeting of the Directors of Economy Mud Products Company, a Corporation, on this date beginning at 10:00 a.m. pursuant to the agreement of all directors and waiver of formal notice, the following corporate resolution was made and passed as the corporate action of the Company:

**WHEREAS**, the Company has been engaged in litigation in Cause Number C.A. 4:13-CV-03426; styled, *Vikas WSP Limited v. Economy Mud Products Company*, *pending in the United States District Court for the Southern District of Texas, Houston Division*, and, after much negotiation, has resolved all issues raised or which could have been raised by the parties in that lawsuit, and reached a settlement agreement;

**WHEREAS**, as part of that settlement agreement, the parties, through counsel, have negotiated a written Full and Final Release and Settlement Agreement ("Settlement Agreement"), a copy of which is attached to the minutes of this meeting as Exhibit A; it is therefore,

**RESOLVED** that Economy Mud Products Company shall fully and finally settle the lawsuit on the terms set forth in the Settlement Agreement, and either Lawrence E. Walton, or Walter M. White, or their designee appointed in writing (which appointment is attached hereto), is authorized to execute the Settlement Agreement, and all other instruments, documents, agreements, or other memoranda on behalf of and as the corporate action of the Company.

Dated: December 4, 2014.

ATTESTED:


*Mary K. Walton*
Secretary

2.  **December 24, 2014 Settlement Agreement between Vikas WSP Limited and N.M. Agro Food Products Pvt. Ltd.**



EXHIBIT NO. 5

M. SCHNEIDER

CONFIDENTIAL

**VIKAS WSP LIMITED**
B-86/87, Udyog Vihar, RIICO, Industrial Area
Sriganganagar - 335 002 / INDIA
CIN : L24139HR1988PLC030300
E-mail : vikasvegan@yahoo.com , website : www.vikaswspltd.in
Telephone :91(154)2494512/2494552 Fax : 91(154)2494361/2475376

 

**≡VIKAS**

## PRIVATE & CONFIDENTIAL

### SETTLEMENT

The settlement was made between the following parties on 24th December 2014 at Sriganganagar:-

FIRST PARTY
1. Vikas WSP LImited, SRIGANGANAGAR
Alongwith its Group Co./firms.

SECOND PARTY
2. N.M. Agro Food Products Pvt Ltd. (Alongwith Group Co./Firms)
SRIGANAGANAGAR

Second party had contracted with Vikas WSP Limited for supply of 7000 MT Guar Gum Splits @ Rs. 11,20,000/- per MT on behalf of Ruchi Soya, an ultimate supplier of the 7000 MT Guar Gum Splits. These goods were intended to supply to Economy Polymers & Chemicals, Houston after powdering to full fill their PO#. 9498.

The break up of the delivery or stocked stuff is as under:-

1. Delivered in the factory : 3241.39 MT  for Rs. 363.04 Crore
   All invoices paid.
2. Stocked in N.M. warehouse: 1192.54 MT  for Rs. 133.56 Crore
   under their control. Goods remained undelivered. However Invoiced to Vikas and paid for.
3. Stocked undelivered in  : 2566.07 MT  for Rs. 287.40 Crore
   Jodhour warehouse under Ruchi control and just
   invoiced by N.M. Group to Vikas for accounting
   purposes. Payment was not made.

It is pertinent to mention here that Vikas WSP Limited has filed a civil suit against Economy Polymers & Chemicals, Houston in the Civil Court located in Houston, USA. Unsuccessful out of court negotiations were done in Frankfurt, but could not reach at the final settlement. Vikas told that Economy has offered a scanty amount of USD. 40 million as against their claim of USD. 227.73 million in Frankfurt. However, now N.M. Group told us that they got the information and a copy of settlement concluded with Economy from Bank evidencing that both the parties reached at an out of court settlement at an amount of USD. 80 million which is almost 35% of the original claim of Vikas. Seeing the current situation of the case, both the parties have agreed upon a mutual settlement that goes as under:-

1. Both the parties as above, accepted to cancel 2566.07 MT  quantity of guar gum splits as has been mentioned at serial No.3 above, without any payment of damages.

For Vikas ... ltd...

Director

Regd. Office : Railway Road, Siwani - 125046 (India) Registration No. 05-30300, 88-89 New Delhi as Plc.
Visit our Web Site : www.vikasvegan.com

VIK001955

CONFIDENTIAL

**VIKAS WSP LIMITED**
B-86/87, Udyog Vihar, RIICO, Industrial Area
Sriganganagar - 335 002 / INDIA
CIN : L24139HR1988PLC030300
E-mail : vikasvegan@yahoo.com ,  website : www.vikaswspltd.in
Telephone :91(154)2494512/2494552 Fax : 91(154)2494361/2475376



: 2 :

2. N.M. Agro Food Products Pvt Ltd, shall deliver 1192.54 MT guar gum splits the very same old stock of the year 2011-12 to Vikas WSP as has been mentioned at serial No. 2 above after 31st March 2015 as it is told by N.M. Group that the stock is financed by banks and/or NBC. If the very same old stock is not found with N.M., they shall have to pay the already paid amount of Rs. 133.56 Crore to Vikas with bank interest.

3. N.M. Group also sold 25000 MT guar seeds to fulfil Economy PO# 9499 at a cost of Rs. 803.75 Crore. Vikas Group has paid the sum in kind and in cash to the tune of entire amount of Rs. 803.75 Crore. Hence matter ended and accepted to both parties.

4. The settlement in question is confidential and should not be disclosed to any other parties for any purpose. If disclosed by either party, any burden of tax liability arising out of pricing at arm's length of transfer or sale of these goods will have to be born by the disclosing party.

Both the parties have agreed upon the above settlement and signed the settlement in the presence of the following witnesses:-

1.     Rajpal

2.     Ashok Kumar

The original settlement sheet was handed over to Mr. Manoj Gupta of N.M. Group for onward showing to M/s Ruchi Soya &/or for their own use. However, its photocopy is retained by Vikas WSP to use as original, as and when needed.

ACCEPTED BY BOTH THE PARTIES AS UNDER

For Vikas WSP Limited

MANOJ GUPTA

B.D. AGARWAL     Director

Place : Sriganganagar
Dated : 24th December 2014

Regd. Office : Railway Road, Siwani - 125046 (India) Registration No. 05-30300, 88-89 New Delhi as Plc.
Visit our Web Site : www.vikasvegan.com

VIK001956

3. **Affidavits of Manoj Gupta regarding the December 24, 2014 Settlement Agreement and payments made by Vikas WSP Limited to N.M. Agro Food Products Pvt. Ltd.**

EXHIBIT A

## AFFIDAVIT OF MANOJ GUPTA

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

Before me, the undersigned Notary Public, personally came and appeared

**Manoj Gupta,** who upon being duly sworn, did depose and state as follows:

1. "My name is Manoj Gupta. I am over twenty-one years of age. I am of sound mind and am competent and capable of making this Affidavit. I have never been convicted of a felony or crime of moral turpitude. I have personal knowledge of each fact in this affidavit, all of which are true and correct.

2. I am the Director of N.M. Agro Food Products Pvt. Ltd. I am authorized to make this Affidavit on behalf of N.M. Agro Food Products Pvt. Ltd. and other business affiliates of N.M. Agro Food Products Pvt. Ltd., which include, but are not limited to, N.M. Food Products, Manoj Trader, Nand Lal Naresh Kumar, N.M. Exports, N.M. Agro Food Products Limited, and Nand Lal Mahabir Parshad (collectively referred to as the N.M. Food Companies). N.M. Food Products is a business entity owned by Mr. Naresh Gupta, my brother, which is headquartered and operating out of Sriganganagar, India.

3. The N.M. Food Companies are in the business of purchasing and then distributing guar products, including guar seed and guar split, to its customers in India, who in turn sell such products to customers around the world, including in the United States. The N.M. Food Companies acquire the guar gum product from suppliers in India, including Ruchi Soya Industries Limited (Ruchi Soya). Though the N.M. Food Companies deal with other companies affiliated with Ruchi Soya, the transactions which form the subject matter of this Affidavit, including claims for interest for overdue payments and compensation for unlifted materials, pertain to dealings between the N.M. Food Companies and Ruchi Soya. The N.M. Food Companies and Ruchi Soya have bought from and sold to each other various agricultural commodities for approximately ten years.

4. One of the customers to which the N.M. Food Companies have distributed guar products is Vikas WSP Limited, along with its many affiliates under common ownership and control. Those affiliates include, but are not limited to, Vikas Granaries Limited, Vegan Colloids Limited, Vikas

Chemigums India Limited, and Jindal Agro Products (collectively referred to as the Vikas Companies or Vikas).

5.    Upon purchase of the guar gum products from the N.M Food Companies, the Vikas Companies sell the products to its customers around the world, including Economy Mud Products Company ("Economy").

6.    Vikas owes the N.M. Food Companies money for guar products.  These guar products had been purchased by the N.M. Food Companies from Ruchi Soya, meaning that the N.M. Food Companies are obliged to pass on its recoveries from Vikas to Ruchi Soya.  The outstanding balances referenced in this Affidavit and the attached Exhibits relate solely to guar products purchased by Vikas for the ultimate sale by Vikas to Economy.

7.    In March and April 2012, B.D. Agarwal and Jitendar Jindal of Vikas approached me and showed me the purchase orders from Economy and ordered guar products from the N.M. Food Companies exclusively to fulfill the Economy purchase orders.  In March and April 2012, Vikas gave an advance payment of approximately INR (Indian Rupees) 242 crore (approximately $46 million at the then-current currency exchange rate) to the N.M. Food Companies to procure the guar products for Economy.

8.    The guar products made the subject of this Affidavit were purchased by Vikas exclusively for Economy's purchase orders that I viewed and discussed with Mr. Agarwal and Mr. Jindal.  Mr. Agarwal and Mr. Jindal, on behalf of Vikas, asked the N.M. Food Companies, in a conversation with me, to procure the guar products for supplying to Economy.

9.    In 2013, Vikas' payments for guar products was delayed.  When I inquired about payments, I was regularly informed by B.D. Agarwal and Jitendar Jindal that such payments remained outstanding since they were yet to be made by Economy to Vikas.  I was further informed by Mr. Agarwal and Mr. Jindal that a lawsuit had commenced between Vikas and Economy in United States Federal Court.  In December 2014, B.D. Agarwal gave me a copy of the Full and Final Release and Settlement Agreement of the lawsuit between Vikas and Economy.  When he gave me a copy of the agreement, he stated Vikas would pay the N.M. Food Companies the money owed for the accounts of Economy from the settlement payments as soon as Economy made those payments to Vikas.

2

10.   According to the settlement agreement provided to me by Mr. Agarwal, Vikas made various representations and warranties in the settlement agreement that all sellers and distributors of guar gum products purchased by Vikas for the account of Economy or to fill the purchase orders that were the basis of the lawsuit would be paid in full by December 31, 2014. This is categorically false as the N.M. Food Companies have not been paid in full by Vikas.

11.   In late December 2014, B.D. Agarwal and Jitendar Jindal gave me a copy of the Detail of Settlement Provision 2.7(k) attached to the settlement agreement.  A copy of this spreadsheet is attached to this Affidavit as Exhibit B.  The Detail of Settlement Provision spreadsheet shows that Vikas made payment on April 26, 2013 and May 9, 2013 to the N.M. Food Companies for guar fulfilling purchase orders 9498 and 9499.  This is false. Vikas never paid the full amount reflected on the spreadsheet.  Vikas still owes approximately $20 million to the N.M. Food Companies for purchase order 9498, which amount is exclusive of interest, as well as compensation for unlifted material in relation to purchase orders 9498 and 9499.  This amount is reflected in Indian Rupees on the attached Exhibit C.

12.   When Mr. Agarwal and Mr. Jindal showed me the spreadsheet, they told me not to worry because the N.M. Food Companies would be paid in full, including compensation for unlifted goods, by Vikas when Economy started to make its settlement payments to Vikas.

13.   Currently, there exists an outstanding balance owed by Vikas to the N.M. Food Companies in an amount (inclusive of interest only through May 31, 2015) of approximately $39,184,672.31 (United States Dollars), exclusive of compensation for unlifted guar products.  The outstanding amounts for supplies total 2,507,052,070.77 Indian Rupees.  I have used a currency conversion rate of 1 United States Dollar equal to 62.5 Indian Rupees.

14.   Attached to this affidavit as Exhibit A is a spreadsheet identifying each invoice for guar products sold by the N.M. Food Companies to Vikas for the account of Economy between April 12, 2012 and March 31, 2013, including each invoice number, creditor, debtor, date of invoice, item and quantity sold, price per 100 kg of product, total amount of each invoice, net amount paid by Vikas, and total amount outstanding from Vikas to the N.M. Food Companies.

3

15.   Neither the N.M. Food Companies nor Ruchi Soya have ever given any written discharge agreement to Vikas for these invoices and accounts. The N.M. Food Companies have received no payments of any kind from Vikas since October 30, 2014.

16.   Attached to this affidavit as Exhibit B is a true and correct copy of the Detail of Settlement Provision 2.7(k) that Mr. Agarwal and Mr. Jindal gave me in December 2014.

17.   Attached to this Affidavit as Exhibit C is a spreadsheet depicting the outstanding balances due from each Vikas entity to each N.M. Food Companies entity, including all debits and credits.

18.   Attached to this affidavit as Exhibit D is a spreadsheet depicting the interest owed by Vikas to the N.M. Food Companies as of March 31, 2015.

19.   Exhibits A, C, and D are spreadsheets in chart format that summarize the invoices and financial records of the N.M. Food Companies. I created Exhibits A, C and D based on my personal knowledge and review of the N.M. Food Companies' accounting records.

20.   I incorporate as though fully restated in this Affidavit the information contained in the attached Exhibits A, C and D."

_____
Manoj Gupta

SUBSCRIBED AND SWORN TO BEFORE ME THIS _7th_ day of June, 2015.

JUDY MARTINEZ
MY COMMISSION EXPIRES
October 5, 2015

_____
Notary Public in and for State of Texas

4

EXHIBIT A

(All in Indian currency except wherever specified)

| Invoice Number/Reference numbers | Creditor (NM company that sold product) | Debtor (Vikas company that bought product) | Date of Invoice | Item sold (guar seed, guar split, etc.) | Quantity of product sold (in 100 kg) | Price/Rate (Rupees per 100 kg) | Date of delivery | Total amount of Invoice (in rupees) | Net amount paid by Vikas (in rupees) * | Total amount outstanding (in rupees) |
|---|---|---|---|---|---|---|---|---|---|---|
| 4 | Manoj Trader | Outstanding as 1st Apr 12 | 12-Apr-12 | Guar seed | 612.08 | 4477 | As per Invoice | 2775307 | | -1459881.6 |
| | | **Consolidated monthly payment entry - Apr '12** | | | | | | | | |
| 235 | Manoj Trader | Vikas WSP ltd. | 23-May-12 | Guar Split | 1292.30 | 100000 | As per Invoice | 129230000 | 580000000 | |
| 248 | Manoj Trader | Vikas Granaries Ltd. | 25-May-12 | Guar Split | 196.70 | 100000 | As per Invoice | 19670000 | | |
| 249 | Manoj Trader | Vikas Granaries Ltd. | 25-May-12 | Guar Split | 297.40 | 100000 | As per Invoice | 29740000 | | |
| 4 | N.M. Agro Food Products | Vikas Granaries Ltd. | 25-May-12 | Guar Split | 337.30 | 100000 | As per Invoice | 33730000 | | |
| 5 | N.M. Agro Food Products | Vikas WSP Ltd. | 26-May-12 | Guar Split | 180.00 | 100000 | As per Invoice | 18000000 | | |
| 6 | N.M. Agro Food Products | Vikas WSP Ltd. | 26-May-12 | Guar Split | 600.90 | 100000 | As per Invoice | 60090000 | | |
| 7 | N.M. Agro Food Products | Vikas WSP ltd. | 28-May-12 | Guar Split | 1289.20 | 100000 | As per Invoice | 128920000 | | |
| 8 | N.M. Agro Food Products | Vikas WSP ltd. | 28-May-12 | Guar Split | 476.80 | 100000 | As per Invoice | 47680000 | | |
| 9 | N.M. Agro Food Products | Vikas WSP ltd. | 29-May-12 | Guar Split | 1378.50 | 100000 | As per Invoice | 137850000 | | |
| 306 | Manoj Trader | Vikas WSP Ltd. | 29-May-12 | Guar Split | 496.50 | 100000 | As per Invoice | 49650000 | | |
| 307 | Manoj Trader | Vikas WSP ltd. | 29-May-12 | Guar Split | 302.00 | 100000 | As per Invoice | 30200000 | | |
| 10 | N.M. Agro Food Products | Vikas WSP ltd. | 30-May-12 | Guar Split | 895.40 | 100000 | As per Invoice | 89540000 | | |
| 11 | N.M. Agro Food Products | Vikas WSP ltd. | 31-May-12 | Guar Split | 595.30 | 100000 | As per Invoice | 59530000 | | |
| | | **Consolidated monthly payment entry - May'12** | | | | | | | | |
| 12 | N.M. Agro Food Products | Vikas WSP ltd. | 2-Jun-12 | Guar Split | 450.30 | 100000 | As per Invoice | 45030000 | | |
| 13 | N.M. Agro Food Products | Vikas Granaries Ltd. | 2-Jun-12 | Guar Split | 299.70 | 100000 | As per Invoice | 29970000 | | |
| 356 | Manoj Trader | Vikas WSP Ltd. | 2-Jun-12 | Guar seed | 171.80 | 29225 | As per Invoice | 5020855 | 2074676491 | |
| 16 | N.M. Agro Food Products | Vikas WSP Ltd. | 4-Jun-12 | Guar Split | 324.20 | 100000 | As per Invoice | 32420000 | | |
| 15 | N.M. Agro Food Products | Vikas Granaries Ltd. | 4-Jun-12 | Guar Split | 474.40 | 100000 | As per Invoice | 47440000 | | |
| 17 | N.M. Agro Food Products | Vegon Colloids ltd. | 5-Jun-12 | Guar Split | 724.10 | 100000 | As per Invoice | 72410000 | | |
| 19 | N.M. Agro Food Products | Vikas Granaries Ltd. | 6-Jun-12 | Guar Split | 592.80 | 100000 | As per Invoice | 59280000 | | |
| 18 | N.M. Agro Food Products | Vikas Granaries ltd. | 6-Jun-12 | Guar Split | 160.40 | 100000 | As per Invoice | 16040200 | | |
| 20 | N.M. Agro Food Products | Vikas Granaries Ltd. | 6-Jun-12 | Guar Split | 0.70 | 100000 | As per Invoice | 70000 | | |
| 22 | N.M. Agro Food Products | Vikas WSP Ltd. | 7-Jun-12 | Guar Split | 580.20 | 100000 | As per Invoice | 58020000 | | |
| 21 | N.M. Agro Food Products | Vegon Colloids Ltd. | 7-Jun-12 | Guar Split | 455.40 | 100000 | As per Invoice | 45540000 | | |
| 23 | N.M. Agro Food Products | Vikas WSP Ltd. | 8-Jun-12 | Guar Split | 176.30 | 100000 | As per Invoice | 17630000 | | |
| 405 | Manoj Trader | Vikas WSP Ltd. | 8-Jun-12 | Guar Split | 198.35 | 100000 | As per Invoice | 19835000 | | |
| 24 | N.M. Agro Food Products | Vikas WSP Ltd. | 9-Jun-12 | Guar Split | 603.70 | 100000 | As per Invoice | 60370000 | | |
| 25 | N.M. Agro Food Products | Vikas WSP Ltd. | 11-Jun-12 | Guar Split | 600.50 | 100000 | As per Invoice | 60050000 | | |
| 26 | N.M. Agro Food Products | Vikas WSP Ltd. | 11-Jun-12 | Guar Split | 302.10 | 100000 | As per Invoice | 30210000 | | |
| 27 | N.M. Agro Food Products | Vikas WSP Ltd. | 12-Jun-12 | Guar Split | 299.70 | 100000 | As per Invoice | 29970000 | | |
| 17 | Nand Lal Naresh Kumar | Vikas Granaries Ltd. | 12-Jun-12 | Guar Split | 604.45 | 100000 | As per Invoice | 60445000 | | |
| 18 | N.M. Food Products | Vikas WSP ltd. | 13-Jun-12 | Guar Split | 895.05 | 100000 | As per Invoice | 89505000 | | |
| 19 | N.M. Food Products | Vikas WSP Ltd. | 13-Jun-12 | Guar Split | 701.25 | 100000 | As per Invoice | 70125000 | | |
| 21 | N.M. Food Products | Vikas Granaries Ltd. | 14-Jun-12 | Guar Split | 300.60 | 100000 | As per Invoice | 30060000 | | |
| 20 | N.M. Food Products | Vikas WSP Ltd. | 14-Jun-12 | Guar Split | 948.55 | 100000 | As per Invoice | 94855000 | | |
| 22 | N.M. Food Products | Vikas WSP Ltd. | 15-Jun-12 | Guar Split | 100.50 | 100000 | As per Invoice | 10050000 | | |

| Invoice Number/Reference numbers | Creditor (NM company that sold product) | Debtor (Vikas company that bought product) | Item sold (guar seed, guar split, etc.) | Date of invoice | Quantity of product sold (in 100 kg) | Price/Rate (Rupees per 100 kg) | Date of delivery | Total amount of invoice (in rupees) | Net amount paid by Vikas (in rupees)* | Total amount outstanding (in rupees)* |
|---|---|---|---|---|---|---|---|---|---|---|
| 23 | N.M. Food Products | Vikas WSP Ltd. | Guar Split | 15-Jun-12 | 963.40 | 100000 | As per invoice | 96340000 | | |
| 18 | Nand Lal Naresh Kumar | Vikas WSP Ltd. | Guar Split | 15-Jun-12 | 50.30 | 100000 | As per invoice | 5030000 | | |
| 29 | N.M. Agro Food Products | Vikas WSP Ltd. | Guar Split | 16-Jun-12 | 988.55 | 100000 | As per invoice | 98855000 | | |
| 30 | N.M. Agro Food Products | Vikas WSP Ltd. | Guar Split | 18-Jun-12 | 301.15 | 100000 | As per invoice | 30115000 | | |
| 19 | Nand Lal Naresh Kumar | Vikas WSP Ltd. | Guar Split | 18-Jun-12 | 1.20 | 100000 | As per invoice | 120000 | | |
| 31 | N.M. Agro Food Products | Vikas WSP Ltd. | Guar Split | 19-Jun-12 | 614.10 | 100000 | As per invoice | 61410000 | | |
| 33 | N.M. Agro Food Products | Vikas WSP Ltd. | Guar Split | 19-Jun-12 | 790.40 | 100000 | As per invoice | 79042200 | | |
| 34 | N.M. Agro Food Products | Vikas WSP Ltd. | Guar Split | 19-Jun-12 | 1.20 | 100000 | As per invoice | 120000 | | |
| 24 | N.M. Food Products | Vikas WSP Ltd. | Guar Split | 19-Jun-12 | 1052.60 | 100000 | As per invoice | 105260000 | | |
| 25 | N.M. Food Products | Vikas WSP Ltd. | Guar Split | 19-Jun-12 | 441.90 | 100000 | As per invoice | 44190000 | | |
| 26 | N.M. Food Products | Vikas WSP Ltd. | Guar Split | 19-Jun-12 | 212.00 | 100000 | As per invoice | 21200000 | | |
| 27 | N.M. Food Products | Vikas WSP Ltd. | Guar Split | 19-Jun-12 | 0.30 | 100000 | As per invoice | 30000 | | |
| 32 | N.M. Agro Food Products | Vikas Chemigums INDIA Ltd. | Guar Split | 19-Jun-12 | 377.30 | 100000 | As per invoice | 37730000 | | |
| 31 | Nand Lal Naresh Kumar | Jindal Agro Products | Guar seed | 29-Jun-12 | 893.85 | 29225 | As per invoice | 26093541 | | |
| **Consolidated monthly payment entry - June'12** | | | | | | | | | 789500000 | |
| 33 | Nand Lal Naresh Kumar | Jindal Agro Products | Guar seed | 1-Jul-12 | 401.45 | 29225 | As per invoice | 11732376 | | |
| 39 | N.M. Agro Food Products | Vikas WSP Ltd. | Guar Split | 20-Jul-12 | 596.01 | 100000 | As per invoice | 59601000 | | |
| 43 | N.M. Agro Food Products | Vikas WSP Ltd. | Guar Split | 21-Jul-12 | 946.25 | 100000 | As per invoice | 94625000 | | |
| 44 | N.M. Agro Food Products | Vikas WSP Ltd. | Guar Split | 22-Jul-12 | 313.70 | 100000 | As per invoice | 31370000 | | |
| 47 | N.M. Agro Food Products | Vikas WSP Ltd. | Guar Split | 23-Jul-12 | 152.75 | 100000 | As per invoice | 15275000 | | |
| 928 | Manoj Trader | Vikas WSP Ltd. | Guar Split | 26-Jul-12 | 594.90 | 100000 | As per invoice | 59490000 | | |
| 935 | Manoj Trader | Vikas WSP Ltd. | Guar Split | 28-Jul-12 | 397.07 | 100000 | As per invoice | 39707000 | | |
| **Consolidated monthly payment entry - July'12** | | | | | | | | | 320000000 | |
| 968 | Manoj Trader | Vikas WSP Ltd. | Guar Split | 6-Aug-12 | 631.40 | 100000 | As per invoice | 63140000 | | |
| 969 | Manoj Trader | Vikas WSP Ltd. | Guar Split | 6-Aug-12 | 694.07 | 100000 | As per invoice | 69407000 | | |
| 33 | NM Exports | Jindal Agro Products | Guar seed | 7-Aug-12 | 551.40 | 29225 | As per invoice | 16128525 | | |
| 971 | Manoj Trader | Vikas WSP Ltd. | Guar Split | 7-Aug-12 | 782.91 | 100000 | As per invoice | 78291000 | | |
| 79 | Nand Lal Naresh Kumar | Jindal Agro Products | Guar seed | 8-Aug-12 | 308.40 | 29225 | As per invoice | 9044278 | | |
| 80 | Nand Lal Naresh Kumar | Jindal Agro Products | Guar seed | 8-Aug-12 | 157.32 | 29225 | As per invoice | 4601857 | | |
| 34 | NM Exports | Jindal Agro Products | Guar seed | 8-Aug-12 | 311.40 | 29225 | As per invoice | 9100258 | | |
| 974 | Manoj Trader | Vikas WSP Ltd. | Guar Split | 8-Aug-12 | 772.57 | 100000 | As per invoice | 77257000 | | |
| 81 | Nand Lal Naresh Kumar | Jindal Agro Products | Guar seed | 9-Aug-12 | 1024.68 | 29225 | As per invoice | 29973443 | | |
| 975 | Manoj Trader | Vikas WSP Ltd. | Guar Split | 9-Aug-12 | 345.99 | 100000 | As per invoice | 34599000 | | |
| 82 | Nand Lal Naresh Kumar | Jindal Agro Products | Guar seed | 10-Aug-12 | 1189.82 | 29225 | As per invoice | 34803840 | | |
| 976 | Manoj Trader | Vikas WSP Ltd. | Guar Split | 10-Aug-12 | 1088.00 | 100000 | As per invoice | 108800000 | | |
| 83 | Nand Lal Naresh Kumar | Jindal Agro Products | Guar seed | 11-Aug-12 | 560.48 | 29225 | As per invoice | 16384658 | | |
| 977 | Manoj Trader | Vikas WSP Ltd. | Guar Split | 11-Aug-12 | 437.55 | 100000 | As per invoice | 43755000 | | |
| 84 | Nand Lal Naresh Kumar | Jindal Agro Products | Guar seed | 12-Aug-12 | 796.94 | 29225 | As per invoice | 23311472 | | |
| 85 | Nand Lal Naresh Kumar | Jindal Agro Products | Guar seed | 13-Aug-12 | 1029.96 | 29225 | As per invoice | 30127751 | | |
| 978 | Manoj Trader | Vikas WSP Ltd. | Guar Split | 13-Aug-12 | 355.30 | 100000 | As per invoice | 35530000 | | |
| 86 | Nand Lal Naresh Kumar | Jindal Agro Products | Guar seed | 14-Aug-12 | 710.24 | 29225 | As per invoice | 20775574 | | |
| 980 | Manoj Trader | Vikas WSP Ltd. | Guar Split | 14-Aug-12 | 314.55 | 100000 | As per invoice | 31455000 | | |
| 982 | Manoj Trader | Vikas WSP Ltd. | Guar Split | 14-Aug-12 | 315.75 | 100000 | As per invoice | 31675000 | | |

| Invoice Number/Reference numbers | Creditor (NM company that sold product) | Debtor (Vikas company that bought product) | Date of invoice | Item sold (guar seed, guar split, etc.) | Quantity of product sold (in 100 kg) | Price/Rate (Rupees per 100 kg) | Date of delivery | Total amount of invoice (in rupees) | Net amount paid by Vikas (in rupees) | Total amount outstanding (in rupees) * |
|---|---|---|---|---|---|---|---|---|---|---|
| 87 | Nand Lal Naresh Kumar | Jindal Agro Products | 15-Aug-12 | Guar seed | 698.36 | 29225 | As per invoice | 18673671 | | |
| 88 | Nand Lal Naresh Kumar | Jindal Agro Products | 16-Aug-12 | Guar seed | 641.50 | 29225 | As per invoice | 18765438 | | |
| 35 | NM Exports | Vikas WSP Ltd. | 17-Aug-12 | Guar seed | 293.00 | 29225 | As per invoice | 8563925 | | |
| 36 | NM Exports | Vikas WSP Ltd. | 17-Aug-12 | Guar seed | 298.50 | 29225 | As per invoice | 8740163 | | |
| 37 | NM Exports | Vikas WSP Ltd. | 17-Aug-12 | Guar seed | 302.50 | 29225 | As per invoice | 8848813 | | |
| 983 | Manoj Trader | Vikas WSP Ltd. | 17-Aug-12 | Guar seed | 552.90 | 100000 | As per invoice | 55290000 | | |
| 89 | Nand Lal Naresh Kumar | Jindal Agro Products | 18-Aug-12 | Guar seed | 687.30 | 29225 | As per invoice | 20105593 | | |
| 38 | NM Exports | Vikas WSP Ltd. | 18-Aug-12 | Guar seed | 248.40 | 29225 | As per invoice | 7266640 | | |
| 39 | NM Exports | Vikas WSP Ltd. | 18-Aug-12 | Guar seed | 310.40 | 29225 | As per invoice | 9080240 | | |
| 40 | NM Exports | Vikas WSP Ltd. | 18-Aug-12 | Guar seed | 877.10 | 29225 | As per invoice | 25657998 | | |
| 988 | Manoj Trader | Vikas WSP Ltd. | 18-Aug-12 | Guar seed | 797.90 | 100000 | As per invoice | 79790000 | | |
| 989 | Manoj Trader | Vikas WSP Ltd. | 18-Aug-12 | Guar Split | 633.10 | 100000 | As per invoice | 63310000 | | |
| 91 | Nand Lal Naresh Kumar | Jindal Agro Products | 19-Aug-12 | Guar seed | 780.10 | 29225 | As per invoice | 22820148 | | |
| 92 | Nand Lal Naresh Kumar | Jindal Agro Products | 20-Aug-12 | Guar seed | 481.30 | 29225 | As per invoice | 14079193 | | |
| 93 | Nand Lal Naresh Kumar | Jindal Agro Products | 21-Aug-12 | Guar seed | 239.10 | 29225 | As per invoice | 6994298 | | |
| 991 | Manoj Trader | Vikas WSP Ltd. | 21-Aug-12 | Guar Split | 786.40 | 100000 | As per invoice | 78640000 | | |
| 993 | Manoj Trader | Vikas WSP Ltd. | 22-Aug-12 | Guar Split | 648.21 | 100000 | As per invoice | 64821200 | | |
| 165 | N.M. Agro Food Products | Vikas WSP Ltd. | 23-Aug-12 | Guar Split | 883.50 | 29225 | As per invoice | 25846276 | | |
| 4 | Nand Lal Naresh Kumar | Jindal Agro Products | 23-Aug-12 | Guar seed | 793.60 | 29225 | As per invoice | 23216060 | | |
| 995 | Manoj Trader | Vikas WSP Ltd. | 23-Aug-12 | Guar Split | 791.30 | 100000 | As per invoice | 79130000 | | |
| 170 | N.M. Agro Food Products | Vikas WSP Ltd. | 24-Aug-12 | Guar seed | 1422.30 | 29225 | As per invoice | 41608298 | | |
| 95 | Nand Lal Naresh Kumar | Jindal Agro Products | 24-Aug-12 | Guar seed | 308.65 | 29225 | As per invoice | 9029247 | | |
| 997 | Manoj Trader | Vikas WSP Ltd. | 24-Aug-12 | Guar Split | 629.35 | 100000 | As per invoice | 62935000 | | |
| 179 | N.M. Agro Food Products | Vikas WSP Ltd. | 25-Aug-12 | Guar seed | 888.00 | 29225 | As per invoice | 25580711 | | |
| 180 | N.M. Agro Food Products | Vikas WSP Ltd. | 25-Aug-12 | Guar Split | 188.98 | 100000 | As per invoice | 18898000 | | |
| 96 | Nand Lal Naresh Kumar | Jindal Agro Products | 25-Aug-12 | Guar seed | 158.90 | 29225 | As per invoice | 4648473 | | |
| 999 | Manoj Trader | Vikas WSP Ltd. | 25-Aug-12 | Guar Split | 231.03 | 100000 | As per invoice | 23103000 | | |
| 184 | N.M. Agro Food Products | Vikas WSP Ltd. | 27-Aug-12 | Guar seed | 299.90 | 29225 | As per invoice | 8773240 | | |
| 185 | N.M. Agro Food Products | Vikas WSP Ltd. | 27-Aug-12 | Guar seed | 248.50 | 29225 | As per invoice | 7265632 | | |
| 188 | N.M. Agro Food Products | Vikas WSP Ltd. | 27-Aug-12 | Guar Split | 394.17 | 100000 | As per invoice | 39416600 | | |
| 1051 | Manoj Trader | Vikas WSP Ltd. | 27-Aug-12 | Guar Split | 345.24 | 100000 | As per invoice | 34523600 | | |
| 194 | N.M. Agro Food Products | Vikas WSP Ltd. | 28-Aug-12 | Guar seed | 443.94 | 100000 | As per invoice | 44393800 | | |
| 1052 | Manoj Trader | Vikas WSP Ltd. | 28-Aug-12 | Guar seed | 344.49 | 100000 | As per invoice | 34449400 | | |
| 197 | N.M.Food Products | Vikas WSP Ltd. | 30-Aug-12 | Guar seed | 294.95 | 112000 | As per invoice | 33034400 | | |
| 92 | N.M.Food Products | Vikas WSP Ltd. | 30-Aug-12 | Guar seed | 533.50 | 29225 | As per invoice | 15607130 | | |
| 93 | N.M.Food Products | Vikas WSP Ltd. | 30-Aug-12 | Guar Split | 629.22 | 100000 | As per invoice | 62922000 | | |
| 94 | N.M.Food Products | Vikas WSP Ltd. | 30-Aug-12 | Guar Split | 674.70 | 112000 | As per invoice | 75566400 | | |
| 41 | NM Exports | Vikas WSP Ltd. | 30-Aug-12 | Guar seed | 441.80 | 29225 | As per invoice | 12924599 | | |
| 199 | N.V. Agro Food Products | Vikas WSP Ltd. | 31-Aug-12 | Guar Split | 732.50 | 112000 | As per invoice | 82039552 | | |
| 104 | N.M.Food Products | Vikas WSP Ltd. | 31-Aug-12 | Guar Split | 349.40 | 112000 | As per invoice | 39132800 | | |
| 105 | N.M.Food Products | Vikas WSP Ltd. | 31-Aug-12 | Guar Split | 411.54 | 112000 | As per invoice | 46093480 | | |
| **Consolidated monthly payment entry - Aug '12** | | | | | | | | | 1698504212 | |
| 107 | N.M.Food Products | Vikas WSP Ltd. | 1-Sep-12 | Guar Split | 666.32 | 112000 | As per invoice | 74627840 | | |

| Invoice Number/Reference numbers | Creditor (NM company that sold product) | Debtor (Vikas company that bought product) | Date of Invoice | Item sold (guar seed, guar split, etc.) | Quantity of product sold in 100 kg | Price/Rate (Rupees per 100 kg) | Date of delivery | Total amount of invoice (in rupees) | Net amount paid by Vikas (in rupees) * | Total amount outstanding (in rupees) * |
|---|---|---|---|---|---|---|---|---|---|---|
| 98 | Nand Lal Naresh Kumar | Vikas WSP Ltd. | 1-Sep-12 | Guar seed | 390.10 | 29225 | As per Invoice | 11412773 | | |
| 100 | Nand Lal Naresh Kumar | Vikas WSP Ltd. | 3-Sep-12 | Guar seed | 595.20 | 29225 | As per Invoice | 17412870 | | |
| 109 | Nand Lal Naresh Kumar | Vikas WSP Ltd. | 6-Sep-12 | Guar seed | 395.70 | 29225 | As per Invoice | 11576433 | | |
| 42 | NM Exports | Jindal Agro Products | 6-Sep-12 | Guar seed | 248.00 | 29225 | As per Invoice | 7262925 | | |
| 43 | NM Exports | Jindal Agro Products | 6-Sep-12 | Guar seed | 247.00 | 29225 | As per Invoice | 7218575 | | |
| 44 | NM Exports | Vikas Chemigums INDIA Ltd. | 6-Sep-12 | Guar seed | 712.90 | 29225 | As per Invoice | 20856283 | | |
| 45 | NM Exports | Vikas Chemigums INDIA Ltd. | 6-Sep-12 | Guar seed | 719.90 | 29225 | As per Invoice | 21060858 | | |
| 114 | Nand Lal Naresh Kumar | Vikas WSP Ltd. | 7-Sep-12 | Guar seed | 192.60 | 29225 | As per Invoice | 5634785 | | |
| *** | NM Exports | Jindal Agro Products | 7-Sep-12 | Guar seed | 254.90 | 29225 | As per Invoice | 7457318 | | |
| 47 | NM Exports | Jindal Agro Products | 7-Sep-12 | Guar seed | 256.90 | 29225 | As per Invoice | 7515768 | | |
| 48 | NM Exports | Vikas WSP ltd. | 7-Sep-12 | Guar seed | 534.80 | 29225 | As per Invoice | 15648788 | | |
| 49 | NM Exports | Vikas Chemigums INDIA Ltd. | 7-Sep-12 | Guar seed | 928.40 | 29225 | As per Invoice | 27160895 | | |
| 51 | NM Exports | Vikas WSP ltd. | 8-Sep-12 | Guar seed | 950.00 | 29225 | As per Invoice | 27795059 | | |
| 119 | Nand Lal Naresh Kumar | Vikas WSP ltd. | 10-Sep-12 | Guar seed | 206.00 | 29225 | As per Invoice | 6026991 | | |
| 52 | NM Exports | Vikas Chemigums INDIA Ltd. | 15-Sep-12 | Guar seed | 466.00 | 29225 | As per Invoice | 13634690 | | |
| 211 | N.M. Agro Food Products | Vikas WSP Ltd. | 17-Sep-12 | Guar seed | 1150.20 | 29225 | As per Invoice | 33653865 | | |
| 53 | NM Exports | Vikas WSP ltd. | 17-Sep-12 | Guar seed | 127.20 | 29225 | As per Invoice | 3721710 | | |
| 54 | NM Exports | Vikas WSP ltd. | 17-Sep-12 | Guar seed | 119.40 | 29225 | As per Invoice | 3786005 | | |
| 139 | N.M.Food Products | Vikas WSP Ltd. | 18-Sep-12 | Guar seed | 1368.50 | 29225 | As per Invoice | 40040613 | | |
| 138 | N.M.Food Products | Jindal Agro Products | 18-Sep-12 | Guar seed | 576.00 | 29225 | As per Invoice | 16853400 | | |
| 142 | N.M.Food Products | Vikas WSP Ltd. | 20-Sep-12 | Guar seed | 192.50 | 29225 | As per Invoice | 5632413 | | |
| 145 | N.M.Food Products | Vikas WSP Ltd. | 20-Sep-12 | Guar Split | 398.10 | 112000 | As per Invoice | 44587200 | | |
| 143 | N.M.Food Products | Jindal Agro Products | 20-Sep-12 | Guar seed | 1437.90 | 29225 | As per Invoice | 42072128 | | |
| 215 | N.M. Agro Food Products | Vikas WSP ltd. | 21-Sep-12 | Guar seed | 191.20 | 29225 | As per Invoice | 5594420 | | |
| 217 | N.M. Agro Food Products | Vikas WSP ltd. | 21-Sep-12 | Guar seed | 1126.80 | 29225 | As per Invoice | 32970099 | | |
| 146 | N.M.Food Products | Vikas WSP ltd. | 22-Sep-12 | Guar Split | 201.10 | 112000 | As per Invoice | 22523200 | | |
| 147 | N.M.Food Products | Vikas WSP ltd. | 22-Sep-12 | Guar seed | 190.60 | 29225 | As per Invoice | 5577160 | | |
| 148 | N.M.Food Products | Vikas WSP Ltd. | 24-Sep-12 | Guar seed | 778.35 | 29225 | As per Invoice | 22775123 | | |
| 151 | N.M.Food Products | Vikas WSP Ltd. | 25-Sep-12 | Guar seed | 2367.90 | 29225 | As per Invoice | 69286097 | | |
| 153 | N.M.Food Products | Jindal Agro Products | 25-Sep-12 | Guar Split | 201.98 | 112000 | As per Invoice | 22622208 | | |
| 155 | N.M.Food Products | Vikas WSP ltd. | 26-Sep-12 | Guar seed | 1541.75 | 29225 | As per Invoice | 45112300 | | |
| 158 | N.M.Food Products | Vikas WSP Ltd. | 26-Sep-12 | Guar Split | 645.55 | 112000 | As per Invoice | 72302048 | | |
| 156 | N.M.Food Products | Jindal Agro Products | 26-Sep-12 | Guar seed | 592.00 | 29225 | As per Invoice | 17321825 | | |
| 157 | N.M.Food Products | Vikas Chemigums INDIA Ltd. | 26-Sep-12 | Guar seed | 838.60 | 29225 | As per Invoice | 24537648 | | |
| 1085 | Manoj Trader | Vikas WSP Ltd. | 26-Sep-12 | Guar Split | 198.74 | 112000 | As per Invoice | 22259104 | | |
| 160 | N.M.Food Products | Vikas WSP Ltd. | 27-Sep-12 | Guar seed | 1144.40 | 29225 | As per Invoice | 33460340 | | |
| 159 | N.M.Food Products | Jindal Agro Products | 27-Sep-12 | Guar seed | 564.10 | 29225 | As per Invoice | 16506448 | | |
| 162 | N.M.Food Products | Vikas WSP ltd. | 28-Sep-12 | Guar seed | 1818.30 | 29225 | As per Invoice | 53206506 | | |
| 165 | N.M.Food Products | Vikas WSP ltd. | 28-Sep-12 | Guar Split | 746.45 | 112000 | As per Invoice | 83602848 | | |
| 163 | N.M.Food Products | Jindal Agro Products | 28-Sep-12 | Guar seed | 286.80 | 29225 | As per Invoice | 8392043 | | |
| 164 | N.M.Food Products | Vikas Chemigums INDIA Ltd. | 28-Sep-12 | Guar seed | 279.80 | 29225 | As per Invoice | 8187468 | | |
| 167 | N.M.Food Products | Vikas WSP Ltd. | 29-Sep-12 | Guar seed | 1179.30 | 29225 | As per Invoice | 34508012 | | |
| Consolidated monthly payment entry - Sept'12 | | | | | | | | | 569822969 | |

| Invoice Number/Reference numbers | Creditor (NM company that sold product) | Debtor (Vikas company that bought product) | Date of Invoice | Item sold (guar seed, guar splits, etc.) | Quantity of product sold ( in 100 kg) | Price/Rate (Rupees per 100 kg) | Date of delivery | Total amount of invoice (in rupees) | Net amount paid by Vikas (in rupees) | Total amount outstanding (in rupees) * |
|---|---|---|---|---|---|---|---|---|---|---|
| 169 | N.M Food Products | Vikas WSP Ltd. | 1-Oct-12 | Guar Split | 850.85 | 112000 | As per invoice | 95295648 | | |
| 170 | N.M Food Products | Vikas WSP Ltd. | 1-Oct-12 | Guar seed | 489.20 | 29225 | As per invoice | 14315103 | | |
| 173 | N.M Food Products | Vikas WSP Ltd. | 3-Oct-12 | Guar seed | 2101.20 | 29225 | As per invoice | 61484790 | | |
| 176 | N.M Food Products | Vikas WSP Ltd. | 3-Oct-12 | Guar seed | 397.95 | 112000 | As per invoice | 44570400 | | |
| 174 | N.M Food Products | Jindal Agro Products | 3-Oct-12 | Guar seed | 1166.60 | 29225 | As per invoice | 34136785 | | |
| 175 | N.M Food Products | Vikas Chemigums INDIA Ltd. | 3-Oct-12 | Guar seed | 583.10 | 29225 | As per invoice | 17062548 | | |
| 1092 | Manoj Trader | Vikas WSP Ltd. | 3-Oct-12 | Guar Split | 198.75 | 112000 | As per invoice | 22260896 | | |
| 182 | N.M Food Products | Vikas WSP Ltd. | 4-Oct-12 | Guar seed | 785.60 | 29225 | As per invoice | 22988118 | | |
| 188 | N.M Food Products | Vikas WSP Ltd. | 4-Oct-12 | Guar Split | 496.50 | 112000 | As per invoice | 55608000 | | |
| 183 | N.M Food Products | Vikas Chemigums INDIA Ltd. | 4-Oct-12 | Guar seed | 312.20 | 29225 | As per invoice | 9135485 | | |
| 190 | N.M Food Products | Vikas WSP Ltd. | 5-Oct-12 | Guar seed | 591.00 | 29225 | As per invoice | 17311318 | | |
| 191 | N.M Food Products | Vikas WSP Ltd. | 5-Oct-12 | Guar Split | 696.14 | 112000 | As per invoice | 77967680 | | |
| 194 | N.M Food Products | Vikas WSP Ltd. | 6-Oct-12 | Guar Split | 446.90 | 112000 | As per invoice | 50053248 | | |
| 195 | N.M Food Products | Vikas WSP Ltd. | 6-Oct-12 | 23333 | 1887.10 | 29225 | As per invoice | 40588405 | | |
| 201 | N.M Food Products | Vikas WSP Ltd. | 8-Oct-12 | Guar seed | 638.30 | 29225 | As per invoice | 18678561 | | |
| 204 | N.M Food Products | Vikas WSP Ltd. | 8-Oct-12 | Guar Split | 399.10 | 112000 | As per invoice | 44699200 | | |
| 20 | Nand Lal Mahabir parshad | Vikas WSP Ltd. | 8-Oct-12 | Guar seed | 1580.00 | 121000 | As per invoice | 239580000 | | |
| 21 | Nand Lal Mahabir parshad | Vikas WSP Ltd. | 8-Oct-12 | Guar seed | 1580.00 | 121000 | As per invoice | 239580000 | | |
| 22 | Nand Lal Mahabir parshad | Vikas WSP Ltd. | 8-Oct-12 | Guar seed | 1580.00 | 121000 | As per invoice | 239580000 | | |
| 23 | Nand Lal Mahabir parshad | Vikas WSP Ltd. | 8-Oct-12 | Guar Split | 1580.00 | 121000 | As per invoice | 239580000 | | |
| 24 | Nand Lal Mahabir parshad | Vikas WSP Ltd. | 8-Oct-12 | Guar Split | 2060.19 | 121000 | As per invoice | 249282748 | | |
| 207 | N.M Food Products | Vikas WSP Ltd. | 9-Oct-12 | Guar Split | 198.70 | 112000 | As per invoice | 22254400 | | |
| 209 | N.M Food Products | Vikas WSP Ltd. | 9-Oct-12 | Guar seed | 1647.20 | 29225 | As per invoice | 48207904 | | |
| 208 | N.M Food Products | Vikas Chemigums INDIA Ltd. | 9-Oct-12 | Guar seed | 293.60 | 29225 | As per invoice | 8591598 | | |
| 213 | N.M Food Products | Vikas WSP Ltd. | 10-Oct-12 | Guar Split | 200.10 | 112000 | As per invoice | 22411200 | | |
| 214 | N.M Food Products | Vikas WSP Ltd. | 10-Oct-12 | Guar seed | 1523.10 | 29225 | As per invoice | 56277219 | | |
| 202 | Nand Lal Naresh Kumar | Jindal Agro Products | 10-Oct-12 | Guar seed | 148.80 | 29225 | As per invoice | 4354249 | | |
| 215 | N.M Food Products | Vikas Chemigums INDIA Ltd. | 10-Oct-12 | Guar seed | 291.10 | 29225 | As per invoice | 8518536 | | |
| 224 | N.M Food Products | Vikas WSP Ltd. | 11-Oct-12 | Guar seed | 2207.10 | 29225 | As per invoice | 64587886 | | |
| 225 | N.M Food Products | Vikas WSP Ltd. | 11-Oct-12 | Guar Split | 348.80 | 113000 | As per invoice | 39406048 | | |
| 203 | Nand Lal Naresh Kumar | Jindal Agro Products | 11-Oct-12 | Guar seed | 307.30 | 29225 | As per invoice | 8992166 | | |
| 223 | N.M Food Products | Vikas Chemigums INDIA Ltd. | 11-Oct-12 | Guar seed | 575.60 | 29225 | As per invoice | 16844185 | | |
| 230 | N.M Food Products | Vikas WSP Ltd. | 12-Oct-12 | Guar seed | 2574.20 | 29225 | As per invoice | 75326035 | | |
| 205 | Nand Lal Naresh Kumar | Jindal Agro Products | 12-Oct-12 | Guar Split | 318.70 | 29225 | As per invoice | 9325888 | | |
| 238 | N.M Food Products | Vikas WSP Ltd. | 13-Oct-12 | Guar seed | 2603.95 | 29225 | As per invoice | 76196964 | | |
| 241 | N.M Food Products | Vikas WSP Ltd. | 13-Oct-12 | Guar seed | 194.40 | 29225 | As per invoice | 5688765 | | |
| 242 | N.M Food Products | Vikas WSP Ltd. | 13-Oct-12 | Guar Split | 598.70 | 112000 | As per invoice | 67054400 | | |
| 240 | N.M Food Products | Jindal Agro Products | 13-Oct-12 | Guar seed | 872.60 | 29225 | As per invoice | 25535148 | | |
| 239 | N.M Food Products | Vikas Chemigums INDIA Ltd. | 13-Oct-12 | Guar seed | 1270.90 | 29225 | As per invoice | 37190316 | | |
| 245 | N.M Food Products | Vikas WSP Ltd. | 14-Oct-12 | Guar seed | 294.10 | 29225 | As per invoice | 8606211 | | |
| 248 | N.M Food Products | Vikas WSP Ltd. | 15-Oct-12 | Guar seed | 2590.55 | 29225 | As per invoice | 75809309 | | |
| 250 | N.M Food Products | Vikas WSP Ltd. | 15-Oct-12 | Guar Split | 568.40 | 112000 | As per invoice | 63660352 | | |
| 251 | N.M Food Products | Vikas WSP Ltd. | 15-Oct-12 | Guar Split | 398.22 | 112000 | As per invoice | 44600192 | | |

| Invoice Number/Reference numbers | Creditor (NM company that sold product) | Debtor (Vikas company that bought product) | Date of Invoice | Item sold (guar seed, guar split, etc.) | Quantity of product sold (in 100 kg) | Price/Rate (Rupees per 100 kg) | Date of delivery | Total amount of invoice (in rupees) | Net amount paid by Vikas (in rupees) | Total amount outstanding (in rupees) * |
|---|---|---|---|---|---|---|---|---|---|---|
| 249 | N.M. Agro Food Products | Jindal Agro Products | 15-Oct-12 | Guar seed | 599.50 | 29225 | As per invoice | 17543488 | | |
| 239 | N.M. Food Products | Vikas WSP Ltd. | 16-Oct-12 | Guar Split | 1.99 | 100000 | As per invoice | 199200 | | |
| 255 | N.M. Food Products | Vikas WSP Ltd. | 16-Oct-12 | Guar seed | 1184.50 | 29225 | As per invoice | 34663213 | | |
| 258 | N.M. Food Products | Vikas WSP Ltd. | 16-Oct-12 | Guar Split | 616.81 | 112000 | As per invoice | 69082496 | | |
| 259 | N.M. Food Products | Vikas WSP Ltd. | 16-Oct-12 | Guar Split | 0.50 | 112000 | As per invoice | 56000 | | |
| 254 | N.M. Food Products | Jindal Agro Products | 16-Oct-12 | Guar seed | 1195.80 | 29225 | As per invoice | 34993455 | | |
| 261 | N.M. Food Products | Vikas WSP Ltd. | 17-Oct-12 | Guar Split | 207.90 | 112000 | As per invoice | 23285248 | | |
| 263 | N.M. Food Products | Vikas WSP Ltd. | 17-Oct-12 | Guar seed | 1099.80 | 29225 | As per invoice | 32184390 | | |
| 265 | N.M. Food Products | Vikas WSP Ltd. | 17-Oct-12 | Guar seed | 295.00 | 29225 | As per invoice | 8623925 | | |
| 262 | N.M. Food Products | Jindal Agro Products | 17-Oct-12 | Guar seed | 897.70 | 29225 | As per invoice | 26265993 | | |
| 264 | N.M. Food Products | Vikas Chemigums INDIA Ltd. | 17-Oct-12 | Guar seed | 1179.60 | 29225 | As per invoice | 34520010 | | |
| 274 | N.M. Food Products | Vikas WSP Ltd. | 18-Oct-12 | Guar seed | 1380.15 | 29225 | As per invoice | 40388784 | | |
| 275 | N.M. Food Products | Vikas WSP Ltd. | 18-Oct-12 | Guar seed | 866.60 | 29225 | As per invoice | 25361228 | | |
| 277 | N.M. Food Products | Vikas WSP Ltd. | 18-Oct-12 | Guar seed | 299.10 | 29225 | As per invoice | 8752748 | | |
| 276 | N.M. Food Products | Jindal Agro Products | 18-Oct-12 | Guar seed | 298.55 | 29225 | As per invoice | 8736674 | | |
| 279 | N.M. Food Products | Vikas WSP Ltd. | 19-Oct-12 | Guar Split | 199.31 | 112000 | As per invoice | 22322496 | | |
| 280 | N.M. Food Products | Vikas WSP Ltd. | 19-Oct-12 | Guar seed | 1951.70 | 29225 | As per invoice | 57115433 | | |
| 281 | N.M. Food Products | Jindal Agro Products | 19-Oct-12 | Guar seed | 575.80 | 29225 | As per invoice | 16850855 | | |
| 282 | N.M. Food Products | Vikas Chemigums INDIA Ltd. | 19-Oct-12 | Guar seed | 586.30 | 29225 | As per invoice | 17157718 | | |
| 283 | N.M. Food Products | Vikas WSP Ltd. | 20-Oct-12 | Guar seed | 1161.15 | 29225 | As per invoice | 33980809 | | |
| 351 | N.M. Food Products | Vikas WSP Ltd. | 30-Oct-12 | Guar seed | 291.55 | 29225 | As per invoice | 8531051 | | |
| Consolidated monthly payment entry – Oct'12 | | | | | | | | | 100000000 | |
| 355 | N.M. Food Products | Vikas WSP Ltd. | 1-Nov-12 | Guar seed | 236.40 | 29225 | As per invoice | 6918759 | | |
| Consolidated monthly payment entry – Nov'12 | | | | | | | | | 499742434 | |
| Consolidated monthly payment entry – Dec'12 | | | | | | | | | -37000000 | |
| Consolidated monthly payment entry – Jan'13 | | | | | | | | | 749855392 | |
| 1127 | Manoj Trader | Vikas WSP Ltd. | 2-Feb-13 | Guar seed | 547.40 | 29225 | As per invoice | 15937765 | | |
| 1129 | Manoj Trader | Vikas WSP Ltd. | 7-Feb-13 | Guar seed | 857.85 | 29225 | As per invoice | 25152300 | | |
| 1130 | Manoj Trader | Vikas WSP Ltd. | 8-Feb-13 | Guar seed | 546.05 | 29225 | As per invoice | 15990239 | | |
| 1131 | Manoj Trader | Vikas WSP Ltd. | 9-Feb-13 | Guar seed | 607.90 | 29225 | As per invoice | 17801353 | | |
| 1132 | Manoj Trader | Vikas WSP Ltd. | 10-Feb-13 | Guar seed | 568.20 | 29225 | As per invoice | 16638755 | | |
| 1135 | Manoj Trader | Vikas WSP Ltd. | 13-Feb-13 | Guar seed | 566.95 | 29225 | As per invoice | 16602224 | | |
| 1136 | Manoj Trader | Vikas WSP Ltd. | 14-Feb-13 | Guar seed | 565.70 | 29225 | As per invoice | 16565693 | | |
| 1138 | Manoj Trader | Vikas WSP Ltd. | 15-Feb-13 | Guar seed | 544.55 | 29225 | As per invoice | 15947144 | | |
| 1144 | Manoj Trader | Vikas WSP Ltd. | 19-Feb-13 | Guar seed | 81.00 | 29225 | As per invoice | 2372065 | | |
| Consolidated monthly payment entry – Feb'13 | | | | | | | | | | |
| 1155 | Manoj Trader | Vikas WSP Ltd. | 7-Mar-13 | Guar seed | 1083.75 | 29225 | As per invoice | 31740904 | | |
| 1250 | Manoj Trader | Vikas WSP Ltd. | 12-Mar-13 | Guar seed | 542.70 | 29225 | As per invoice | 15895306 | | |
| 1169 | Manoj Trader | Vikas WSP Ltd. | 14-Mar-13 | Guar seed | 522.25 | 29225 | As per invoice | 15296361 | | |
| 1184 | Manoj Trader | Vikas WSP Ltd. | 19-Mar-13 | Guar seed | 558.60 | 29225 | As per invoice | 16367890 | | |
| 364 | N.M. Agro Food Products | Vikas Chemigums INDIA Ltd. | 21-Mar-13 | Guar Split | 1920.30 | 32810 | As per invoice | 63006963 | 122500000 | |
| 365 | N.M. Agro Food Products | Vikas Chemigums INDIA Ltd. | 22-Mar-13 | Guar Split | 2040.60 | 32810 | As per invoice | 66952086 | | |
| 366 | N.M. Agro Food Products | Vikas Chemigums INDIA Ltd. | 23-Mar-13 | Guar Split | 1603.60 | 32810 | As per invoice | 52614116 | | |

| Invoice Number/Reference numbers | Creditor (NM company that sold product) | Debtor (Vikas company that bought product) | Date of Invoice | Item sold (guar seed, guar split, etc.) | Quantity of product sold ( in 100 kg) | Price/Rate (Rupees per 100 kg) | Date of delivery | Total amount of invoice (in rupees) | Net amount paid by Vikas (in rupees) * | Total amount outstanding (in rupees) |
|---|---|---|---|---|---|---|---|---|---|---|
| | Consolidated monthly payment entry - March'13 | | | | | | | | 193000000 | |
| | GRAND TOTAL | | | | | | | 9497205017 | 7660691498 | 1615131429 |

## Detail of Settlement (Provision 2.7(k)

| Part. | Name & Address of Creditors | Item | Date of the Contract | Qty (in Qtl) | Rate (per Qtl) | Amount of Subject Matter (in Crore) | Delivery Month | Mode of Transport | Any Amnendment | Payment Made (in crore) | Payment Date |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 9418 | Vikas Chemi Gums (I) Ltd. 129 New Mandi Yard, Sri Ganganagar account with Edelweiss Trading, Bikaner | Guar Seed | 10-Jan-12 | 72000 | 28253 | 203.4216 | Feb/Mar 2012 | Truck / Trolly | No any | 203.4216 | 8-Feb |
| 9467 | Vikas Chemi Gums (I) Ltd. Sri Ganganagar account with Pace Commodities, Bikaner | Guar Seed | 1-Mar-12 | 100000 | 21500 | 215.0000 | Apr 2012 | Truck / Trolly | No any | 215.0000 | 15-Feb |
| 9473 | Vikas Chemi Gums (I) Ltd. 129 Ganganagar account with Edelweiss Trading, Bikaner | Guar Seed | 21-Mar-12 | 100000 | 28500 | 285.0000 | May 2012 | Truck / Trolly | No any | 285.0000 | 26-Feb |
| 9480 | Vikas Chemi Gums (I) Ltd. 129 New Mandi Yard, Sri Ganganagar account with Edelweiss Trading, Bikaner | Guar Seed | 28-Mar-12 | 120000 | 28000 | 336.0000 | 60000 Qtl in May 12 & 60000 Qtl in Jun 12 | Truck / Trolly | No any | 336.0000 | 15-Mar |
| 9483 | Vikas Chemi Gums (I) Ltd. 129 New Mandi Yard, Sri Ganganagar account with Edelweiss, Bikaner | Guar Seed | 4-Apr-12 | 65000 | 29000 | 188.5000 | Apr/May/June 2012 | Truck / Trolly | No any | 188.5000 | 25-Mar |
|  |  | Guar Splits |  | 11500 | 90000 | 103.5000 |  |  |  | 103.5000 |  |
| 9498 | N.M. Agro Food Products Pvt. Ltd., 48 G Block, Sri Ganganagar account with Ruchi Industries | Guar Spilts | 14-Apr-12 | 70000 | 112000 | 784.0000 | May/June 12 | Truck / Trolly | No any | 496.6000 | 26-Apr |
|  | N.M. Food Products, 168 New Mandi Yard, Sri Ganganagar account with Ruchi Industries | Guar Seed | 16-Apr-12 | 250000 | 32150 | 803.7500 | Aug/Sep/Oct 2012 | Truck / Trolly | No any | 803.7500 | 9-May |

** Outstanding Payment From 10988.9 Rs. 287.40 Crore

EXHIBIT C - Balance due from respective companies

(All in Indian currency)

| Books of | Accounts of | Op Balance - 1.4.12 (Debit +, Credit -) | Sales to Vikas Group companies | Bought from Vikas group companies | Payment received | Credit Note (Interest and tax adjustment) | Closing balance as on 31.3.13 (Debit +, Credit -) | Closing balance as on 31.3.14 (Debit +, Credit -) | Closing balance as on 31.3.15 (Debit +, Credit -) |
|---|---|---|---|---|---|---|---|---|---|
| NM Food products | Jindal Agro Products Hanumangarh | - | 265,212,182 | - | 140,000,000 | 33,578 | 125,178,604 | 125,178,604 | 125,178,604 |
| NM Food products | Vikas WSP LTD Sriganganagar | - | 2,985,343,855 | - | 2,329,687,850 | 5,465,378 | 650,190,627 | - | - |
| NM Food products | Vikas Chemgums (India) Ltd | - | 181,745,512 | - | 25,000,000 | - | 156,745,512 | 530,745,512 | 530,745,512 |
| NM Food products | Vikas Granaries Ltd | - | 30,060,000 | - | 29,760,000 | 300,000 | - | - | - |
| SUB TOTAL | | - | 3,462,361,549 | - | 2,524,447,850 | 5,798,956 | 932,114,743 | 655,924,116 | 655,924,116 |
| NM Agro Food products P Ltd | Vikas Chemgums (India) Ltd | - | 220,303,165 | 182,427,460 | 37,350,000 | 380,000 | 145,705 | 2,000,000 | 2,000,000 |
| NM Agro Food products P Ltd | Vikas Granaries Ltd | - | 199,660,000 | - | 197,636,000 | 2,024,000 | - | - | - |
| NM Agro Food products P Ltd | Vikas WSP LTD Sriganganagar | - | 1,745,399,093 | - | 1,733,652,893 | 11,547,000 | 199,200 | - | - |
| NM Agro Food products P Ltd | Vegon Collaids Ltd | - | 104,820,000 | - | 103,752,000 | 1,068,000 | - | - | - |
| SUB TOTAL | | - | 2,270,182,258 | 182,427,460 | 2,072,390,893 | 15,019,000 | 344,905 | 2,000,000 | 2,000,000 |
| NM Exports | Vikas Chemgums (India) Ltd | (9,306,353) | 82,712,726 | - | 73,406,373 | - | - | 157,000,000 | 157,000,000 |
| NM Exports | Vikas WSP LTD Sriganganagar | (11,701,190) | 132,032,940 | - | 120,331,750 | - | - | - | - |
| NM Exports | Jindal Agro Products Hanumangarh | 4,157,998 | 54,683,369 | - | 58,841,367 | - | - | - | - |
| SUB TOTAL | | (16,849,545) | 269,429,035 | - | 252,579,490 | - | - | 157,000,000 | 157,000,000 |
| Manoj Traders | Vikas WSP LTD Sriganganagar | - | 1,752,697,361 | - | 1,563,049,740 | 2,328,588 | 187,319,033 | 183,314,608 | 183,314,608 |
| Manoj Traders | Vikas Chemgums (India) Ltd | - | - | - | - | - | - | - | - |
| Manoj Traders | Vikas Granaries Ltd | - | 49,410,000 | - | 48,910,000 | 500,000 | - | 71,000,000 | 71,000,000 |
| SUB TOTAL | | - | 1,802,107,361 | - | 1,611,959,740 | 2,828,588 | 187,319,033 | 254,314,608 | 254,314,608 |
| Nandlal Mahabirprasad | Vikas WSP LTD Sriganganagar | 1,626,225 | 1,207,602,748 | - | 713,876,225 | - | 495,352,748 | 200,752,748 | 200,752,748 |
| Nandlal Mahabirprasad | Vikas Chemgums (India) Ltd | 624,504 | - | - | 624,504 | - | - | - | - |
| SUB TOTAL | | 2,250,729 | 1,207,602,748 | - | 714,500,729 | - | 495,352,748 | 200,752,748 | 200,752,748 |
| Nandlal Nareshkumar | Vikas Chemgums (India) Ltd | - | 60,445,000 | - | 59,841,800 | 603,200 | - | - | - |
| Nandlal Nareshkumar | Vikas Granaries Ltd | - | 57,213,852 | - | 57,161,852 | 52,000 | - | - | - |
| Nandlal Nareshkumar | Vikas WSP LTD Sriganganagar | - | 367,863,214 | - | 367,829,522 | 33,692 | - | - | - |
| Nandlal Nareshkumar | Jindal Agro Products Hanumangarh | - | | - | | | - | - | - |
| SUB TOTAL | | - | 485,522,066 | - | 484,833,174 | 688,892 | - | - | - |
| GRAND TOTAL | | (14,598,816) | 9,497,205,017 | 182,427,460 | 7,660,711,876 | 24,335,436 | 1,615,131,429 | 1,269,991,472 | 1,269,991,472 |

EXHIBIT D - Balance due from respective companies     as on 31st March'2015

(All in Indian currency)

Case 4:13-cv-03426   Document 224-1   Filed on 09/29/17 in TXSD   Page 64 of 68

| Books of | Accounts of | Dr/(- Cr) | Interest on 2012-13 | Interest on 2013-14 | Interest on 2014-15 | Total Due |
|---|---|---|---|---|---|---|
| NM Food products | Jindal Agro Products Hanumangarh | 125,178,604.00 | 46,294,503.00 | 22,845,095.23 | 22,845,095.23 | 217,163,297.46 |
| NM Food products | Vikas WSP LTD Sriganganagar | - | 346,631,445.00 | 13,060,558.00 | | 359,692,003.00 |
| NM Food products | Vikas Chemgums (India) Ltd | 530,745,512.00 | 33,333,038.00 | 96,861,056.00 | 96,861,056.00 | 757,800,662.00 |
| NM Food products | Vikas Granaries Ltd | | 1,964,160.00 | | | 1,964,160.00 |
| SUB TOTAL | | 655,924,116.00 | 428,223,146.00 | 132,766,709.23 | 119,706,151.23 | 1,336,620,122.46 |
| NM Agro Food products P Ltd | Vikas Chemgums (India) Ltd | 2,000,000.00 | | (8,787,687.00) | 365,000.00 | (6,422,687.00) |
| NM Agro Food products P Ltd | Vikas Granaries Ltd | | 7,155,094.00 | | | 7,155,094.00 |
| NM Agro Food products P Ltd | Vikas WSP LTD Sriganganagar | | 81,792,244.91 | 13,645.00 | | 81,805,889.91 |
| NM Agro Food products P Ltd | Vegon Collaids Ltd | | 6,262,632.00 | | | 6,262,632.00 |
| SUB TOTAL | | 2,000,000.00 | 95,209,970.91 | (8,774,042.00) | 365,000.00 | 88,800,928.91 |
| NM Exports | Vikas Chemgums (India) Ltd | 157,000,000.00 | 8,556,445.00 | 27,931,500.00 | 28,652,500.00 | 222,140,445.00 |
| NM Exports | Vikas WSP LTD Sriganganagar | | 11,014,060.00 | | | 11,014,060.00 |
| NM Exports | Jindal Agro Products Hanumangarh | | 4,922,638.00 | | | 4,922,638.00 |
| SUB TOTAL | | 157,000,000.00 | 24,493,143.00 | 27,931,500.00 | 28,652,500.00 | 238,077,143.00 |
| Manoj Traders | Vikas WSP LTD Sriganganagar | 183,314,608.00 | (28,172,520.00) | 34,152,158.00 | 33,454,915.00 | 222,749,161.00 |
| Manoj Traders | Vikas Chemgums (India) Ltd | 71,000,000.00 | 4,455,000.00 | 13,288,000.00 | 12,957,500.00 | 101,700,500.00 |
| Manoj Traders | Vikas Granaries Ltd | | 3,228,060.00 | | | 3,228,060.00 |
| SUB TOTAL | | 254,314,608.00 | (20,489,460.00) | 47,440,158.00 | 46,412,415.00 | 327,677,721.00 |
| Nandial Mahabirprasad | Vikas WSP LTD Sriganganagar | 200,752,748.00 | 170,406,072.00 | 57,417,476.00 | 36,637,376.00 | 465,213,672.00 |
| Nandial Mahabirprasad | Vikas Chemgums (India) Ltd | - | 12,490.00 | 3,240,000.00 | | 3,252,490.00 |
| SUB TOTAL | | 200,752,748.00 | 170,418,562.00 | 60,657,476.00 | 36,637,376.00 | 468,466,162.00 |
| Nandial Nareshkumar | Vikas Chemgums (India) Ltd | - | | 6,074,999.00 | | 6,074,999.00 |
| Nandial Nareshkumar | Vikas Granaries Ltd | | 3,958,908.40 | | | 3,958,908.40 |
| Nandial Nareshkumar | Vikas WSP LTD Sriganganagar | | 4,739,000.00 | | | 4,739,000.00 |
| Nandial Nareshkumar | Jindal Agro Products Hanumangarh | | 32,637,086.00 | | | 32,637,086.00 |
| SUB TOTAL | | - | 41,334,994.40 | 6,074,999.00 | - | 47,409,993.40 |
| GRAND TOTAL | | 1,269,991,472.00 | 739,190,356.31 | 266,096,800.23 | 231,773,442.23 | 2,507,052,070.77 |

## DECLARATION OF MANOJ GUPTA

1.  "My name is Manoj Gupta. I am over twenty-one years of age. I am of sound mind and am competent and capable of making this declaration. I have never been convicted of a felony or crime of moral turpitude. I have personal knowledge of each fact in this declaration, all of which are true and correct.

2.  I am the Director of N.M. Agro Food Products Pvt. Ltd.,which is headquartered and operating out of Sriganganagar, India. I am authorized to make this declaration on behalf of N.M. Agro Food Products Pvt. Ltd. and other business affiliates of N.M. Agro Food Products Pvt. Ltd., which include, but are not limited to, N.M. Agro Food Products Pvt.Ltd., N.M. Food Products, Manoj Trader, NandLalNaresh Kumar, N.M. Exports, N.M. Agro Food Products Limited, and NandLalMahabirParshad (collectively referred to as the N.M. Food Companies).

3.  As stated in my affidavit of June 17, 2015, Vikas WSP Limited, along with its affiliates under common ownership and control, owes the N.M. Food Companies money for sales of guar products and losses due to unlifted guar products, in both cases with interest for the delay period. Those affiliates of Vikas WSP Limited include, but not are not limited to, Vikas Granaries Limited, Vegan Colloids Limited, Vikas Chemigums India Limited, and Jindal Agro Products (collectively referred to as Vikas).

4.  As further stated in my affidavit of July 17, 2015,the purported settlement agreement dated December 24, 2014 provided by Vikas to Economy Mud Products Company (Economy), which is purportedly signed by myself and B.D. Agarwal, is a complete fabrication and forgery as this document was never signed by me.  Additionally, I was not in Sri Ganganagar on December 24, 2014.

5.  On July 30, 2015, I received a copy of correspondence from Bryon Rice at Beck Redden addressed to Peter M. Blute regarding Cause no. H-13-3426, *Vikas WSP Limited v. Economy Mud Products Company*. Attached to that correspondence are spreadsheets describing payments allegedly made by Vikas to the N.M. Food Companies under purchase orders 9498 and 9499. The information contained in those spreadsheets is not accurate.

6.  Annexure D for both purchase orders 9498 and 9499 is titled "Details of Payment Re-imbursement in Kind (Guar Gum Splits) to N.M. Group." The information contained in Annexure D for both purchase orders 9498 and

DEFENDANT'S
EXHIBIT
G

Economy00002087

9499 is entirely false. Vikas did not make any payment in kind to the N.M. Food Companies for purchase orders 9498 or 9499.

7.  Annexure C for purchase order 9498 for supplying 7,000 metric tons guar gum at the rate of Rs. 11,20,000 per metric ton, against which the N.M. Food Companies supplied 6,240 metric tons to Vikas valued at Rs. 660 crore, is titled "Detail of Payment in Cash to N.M. Group." The information contained in Annexure C under purchase order 9498 is not accurate.

8.  The total outstanding balance owed to the N.M. Food Companies by Vikas under purchase order 9498 is approximately Rs. 127 crore (approximately $20 million), exclusive of interest and damage claim for unlifted 760 metric tons of guar gum.

9.  Annexure C for purchase order 9499 is titled "Detail of Payment in Cash to N.M. Group." The information contained in Annexure C under purchase order 9499 is not accurate. No payments neither in cash nor in kind have ever been made by Vikas to the N.M. Food Companies under purchase order 9499. The N.M.Food Companies have a claim for losses and damages on account of unlifted guar materials against Vikas due to Vikas' non-lifting of 25,000 metric tons of guar seed.

10. In sum, the spreadsheets prepared by Vikas are (a) entirely false as related to "payments in kind," and (b) incorrect and inaccurate as related to "payments in cash."

11. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on this 31st day of July, 2015 in Sriganganagar , India.


Manoj Gupta
31|7|2015

2

# Exhibit B to Letter of Request for
# Judicial Assistance under the Hague Evidence Convention

**Questions to be put to Mr. Manoj Gupta**

1. Where were you from the dates December 19th to December 24th, 2014? Identify each location you visited and when you visited that location, as well as the name and contact information for any person you met with during those dates.

2. Did you sign any agreement with Vikas regarding Vikas and N.M. settling or resolving the issues between them, including the Settlement Agreement of December 24, 2014 between Vikas and the N.M. Food Companies?

3. Identify the quantity and purchase price of any guar product delivered and paid for by Vikas under Economy Purchase Orders 9498 or 9499.

4. Identify the quantity and purchase price of any guar product stocked in the N.M. Food Companies' warehouse either (i) paid for by Vikas but not delivered to Vikas or, (ii) that was to be delivered to Vikas but not paid for by Vikas and not delivered to Vikas.

5. Identify the date and amount of any cash payments made by Vikas to the N.M. Food Companies for guar splits delivered by the N.M. Food Companies under Economy Purchase Orders 9498 or 9499

6. Identify the quantity and purchase price for any guar products cancelled by Vikas and the N.M. Food Companies without any payment of damages.

7. Identify all "unlifted materials" and/or "unlifted goods" referenced in paragraphs 3 and 12 of your affidavit of June 17, 2015, including what the materials or goods are, the contracts for the purchase and sale of those materials or goods, and the sale quantity of those materials or goods.

8. Identify when and where B.D. Agarwal gave you a copy of the Vikas-Economy Full and Final Release and Settlement Agreement, as referenced in paragraph 9 of your affidavit of June 17, 2015.

9. Identify the time, place, and manner in which B.D. Agarwal "stated Vikas would pay the N.M. Food Companies" as referenced in paragraph 9 of your affidavit of June 17, 2015 and describe the substance of the exchange with Mr. Agarwal.

10. Identify any person with whom you discussed the Vikas-Economy Full and Final Release and Settlement Agreement other than B.D. Agarwal, when and where those discussions took place, and any other person present at those discussions.

11. Identify any document or agreement requiring the N.M. Food Companies to provide written discharge agreements to Vikas, as referenced in paragraph 15 of your affidavit of June 17, 2015.

12. Identify any agreement, written or otherwise, requiring Vikas to pay the N.M. Food Companies in full in cash for guar products purchased by Vikas from the the N.M. Food Companies.